[Civ. No. 2840.   Third Appellate District.—May 22, 1925.].

## THE YOLLAND ICE AND FUEL COMPANY (a Corporation), Respondent, v. JAMES MULCAHY, Appellant.

[1] SALES—ACTION FOR GOODS SOLD AND DELIVERED—PAYMENT—OTHER ACCOUNTS—PLEADING—EVIDENCE.—In an action for goods, wares, and merchandise sold and delivered by plaintiff to defendant, where defendant claims that he paid the indebtedness on a given date by giving plaintiff a check in a specified sum in full settlement thereof, plaintiff is entitled to show that such check was applied in liquidation of other items of indebtedness due from defendant to plaintiff, notwithstanding such other indebtedness is not alleged in the complaint or contained in a bill of particulars furnished by plaintiff to defendant.

[2] ID. — BOOKS OF ACCOUNT — EVIDENCE — APPEAL.—In such action, where the record on appeal shows that a portion of plaintiff's ledger relating to the account of defendant, and showing the application of the payment made by defendant to plaintiff to the various accounts of defendant as testified to by plaintiff's bookkeeper, was admitted in evidence, but it is not included in the record on appeal, there is no merit in defendant's contention on appeal that there is no evidence to support the finding that plaintiff kept books of account.

[3] ID.—FINDINGS—EVIDENCE—APPEAL—OMISSION OF BOOKS.—On such appeal, defendant cannot be heard to complain that the evidence does not support the trial court's finding as to the existence of the other indebtedness, to the liquidation of which plaintiff applied the money paid by defendant, where defendant fails to include in the record on appeal plaintiff's ledger, which the record shows was admitted in evidence.

(1) 30 Cyc., p. 1261, n. 89 New.   (2) 4 C. J., p. 796, n. 99 New. (3) 4 C. J., p. 535, n. 8.

APPEAL from a judgment of the Superior Court of San Joaquin County.   D. M. Young, Judge.   Affirmed.

1.   Application of payments, notes, 13 Am. Dec. 505; 14 Am. Dec. 694; 96 Am. St. Rep. 44.

What constitutes payment within law of application of payments, note, Ann. Cas. 1915B, 698.   See, also, 21 R. C. L. 90; 20 Cal. Jur. 933.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Nutter, Hancock & Rutherford and A. P. Hayne for Respondent.

FINCH, P. J.—The defendant has appealed from the judgment herein in favor of the plaintiff.

The complaint alleges and the court found that the defendant is indebted to plaintiff on an open book account for goods, wares, and merchandise, sold and delivered to defendant by plaintiff at his special instance and request, in the sum of $939.09, which was the reasonable value thereof, and which defendant agreed to pay. A bill of particulars was furnished defendant, and it is not claimed by appellant that he did not purchase and receive the merchandise therein set forth or that the charges therefor are unreasonable. His claim is that he paid plaintiff in full for such merchandise before the action was commenced.

The defendant was a contractor at the time the indebtedness was incurred and, according to the bill of particulars, the merchandise, which consisted of gravel, sand, rock, cement, lime, and plaster, was purchased for use on several jobs which the defendant had under construction. The dates of these purchases ranged from February 8 to December 26, 1918. The defendant testified that he paid this indebtedness June 9, 1918, by giving the plaintiff a check for $1,100 in full settlement thereof. Witnesses for the plaintiff testified that this check was given in payment of other sums which the defendant owed the plaintiff at that time, and the court found accordingly.

[1] Appellant contends that evidence of this other indebtedness was improperly admitted because not alleged in the complaint or set out in the bill of particulars. There is no merit in the contention. It was not the indebtedness for which the suit was brought, and evidence thereof was properly admitted to show that the payment of $1,100 was made in liquidation thereof and not in satisfaction of the indebtedness for which the suit was brought.

The case was tried November 26, 1920, and when the parties rested the court announced that, the plaintiff was entitled to judgment. At some subsequent time, not disclosed by the record, the court set aside the order for judgment in favor of the plaintiff for the reason stated by the trial judge at a hearing had December 3, 1923, as follows: "I set aside the order for judgment, not upon the theory I did not think that the case was proven that the plaintiff was entitled to recover as the evidence was put before me, but I felt that the defendant had not a proper opportunity to examine the account that was proven in court." Counsel for defendant said: "We are satisfied to let the matter stand as it now stands. . . . We are fully satisfied with the evidence adduced on the part of the defendant." After further colloquy between the court and counsel for the respective parties, the court ordered judgment for plaintiff. Appellant seems to contend that his rights were in some manner prejudiced by the delay in the disposition of the case, but in what respect does not appear.

[2] Appellant contends that there is no evidence to support the finding that the plaintiff kept books of account. That portion of the plaintiff's ledger "relating to the account of James Mulcahy, . . . showing the application of the payment of that eleven hundred dollars to the various accounts as testified to by Mr. Louttit," the plaintiff's bookkeeper, was admitted in evidence, but is not included in the record on appeal. Louttit testified that the payment was applied to an old balance in the, sum of $206.86; "to the Naylor job, $674.49, and the United States Hotel job, $224.65." If there is anything in the ledger account so admitted in evidence which is favorable to appellant, it is fair to presume that he would have had it included in the record.

· [3] Appellant urges that there is no evidence to support the finding that, "In addition to the goods, wares, and merchandise amounting to said sum of $939.09, plaintiff furnished to defendant other goods, wares and merchandise, on certain jobs," to the payment of which the said $1,100 was applied, and that the said $1,100 paid "no part or portion of the $939.09 set forth in finding IV hereof, and the account thereof was kept separate and apart in the books of plaintiff herein from the said items of wares, goods and mer-

chandise making up, and amounting to, the said sum of $939.05.'' The appellant cannot be heard to complain that evidence, the plaintiff's ledger, which the record shows was admitted, but which he has failed to have included therein, does not support the findings. (2 Cal. Jur. 689.)

The judgment is affirmed.

Anderson, J., *pro tem.*, and Plummer, J., concurred.

Appellant's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 21, 1925.

All the Justices present concurred.