C. E. TRUMBO, Administrator, etc., Respondent, v.
NANNIE A. FLOURNOY, Appellant.

Kansas City Court of Appeals, December 5, 1898.

1. **Payment**: CHECKS: PRESUMPTION: DIFFERENT INDEBTEDNESSES.
Where there is but a single indebtedness between the parties, paid
checks from the debtor to the creditor raises the presumption that
the payments were on such indebtedness; but where there are
different indebtednesses, the burden is on the debtor to show that the
checks were intended to be applied on the given indebtedness in
suit.

2. ———: INSTRUCTION: FINDING. Instructions given in this case are
considered and approved and the finding of the court closes the con-
troversy.

3. **Judgment**: FORM V. SUBSTANCE: PERSONAL V. IN REM. Judgments
are now tested by matters of substance rather than by the measure
of any particular draft, and while certain items may indicate an
intention to enter a personal judgment, yet when taken as a whole it
is a judgment *in rem* foreclosing the equity of a married woman in
real estate, it is unobjectionable.

*Appeal from the Linn Circuit Court.*—HON. W. W.
RUCKER, Judge.

AFFIRMED.

A. W. MULLINS for appellant.

(1)   There is no evidence whatever that John T.
Flournoy or his wife, the defendant herein, was at any
time indebted to Mr. Relph, the plaintiff's intestate,
on any account aside from the note for $250, sued on
in this case.   The trading mentioned in the evidence
was not, in any instance, done between Mr. Flournoy
individually and Mr. Relph.   All the buying that
Flournoy did was as a member of a partnership and in

the firm name. The evidence is all one way in that regard. The law is that "the mere delivery of money by one to another, or of a bank check, * * * unexplained, is presumptive evidence of the payment of an antecedent debt." 1 Greenl. on Ev., sec. 38; 2 Greenl. on Ev., sec. 528; Estes v. Fry, 94 Mo. 266. And evidence to establish payment need not be direct, "as payment may always be proved by inferential evidence." Ashbrook v. Letcher, 41 Mo. App. 369. (2) The court erred in refusing to declare the law as requested by defendant in the third and fifth declarations. See authorities, *supra*. The judgment is "that the equity of redemption in said premises be foreclosed *and that the plaintiff recover of said defendant, Nannie A. Flournoy, the said sum of six hundred and fifty-eight dollars and fifty-seven cents.*" The part of this judgment indicated by italics is erroneous and unauthorized. Bauer v. Bauer, 40 Mo. 61; Higgins v. Pelzer, 49 Mo. 152; Musick v. Dodson, 76 Mo. 624.

E. R. STEPHENS for respondent.

(1) At the close of all the evidence the court, sitting as a jury, gave the following instruction: Comes now the plaintiff and moves the court that upon the evidence and pleadings the plaintiff is entitled to recover the amount of the note and deed of trust sued on with ten per cent interest thereon compounded annually to date, less a credit of $75 credited on said note March 11, 1890. Counsel for appellant did not make any complaint to the action of the court in giving the same. Said instruction or declaration of law embraced every issue in the case, and it is not open to review here. Hohstadt v. Daggs, 49 Mo. App. 157; Pierson v. Slifer, 52 Mo. App. 273, 277; Burke v. Railway, 51 Mo. App. 491; Magee v. Burch, 108

Mo. 336; Bank v. Wheat, 58 Mo. App. 11; Craig v. Scudder, 98 Mo. 664. It is too late to object to giving or refusing instructions for the first time in the motion for new trial. Bank v. Wheat, 58 Mo. App. 11; State v. Elkins, 101 Mo. 344, 345. (2) Only the record proper is presented for review, and appellant simply complains that this clause in the judgment, to wit, "and that the plaintiff recover of said defendant, Nannie A. Flournoy, the said sum of six hundred and fifty-eight dollars and fifty-seven cents," is erroneous. We submit without comment that the judgment is valid, and the objection thereto is fully answered in Farley Bros. v. Cammann, 43 Mo. App. 168; Hagerman v. Sutton, 91 Mo. 519; Rines v. Mansfield, 96 Mo. 394.

GILL, J.—In July, 1885, Mrs. Flournoy, together with her husband, John T. Flournoy (then living but since dead), for money borrowed, made to plaintiff's intestate their promissory note for $250 due one year from date and bearing ten per cent interest. To secure the same Mrs. Flournoy executed a mortgage or deed of trust on certain real estate to which she had title but which was not a separate estate. Shortly before this suit was brought Relph, the payee and mortgagee, as also John T. Flournoy, died, and thereafter Relph's administrator brought this action against Mrs. Flournoy to foreclose said deed of trust and have the land sold to pay an alleged balance due on the note. The petition alleged the payment by Flournoy of $75 on March 11, 1890. In her answer the defendant admitted the execution of the note and mortgage and the payment of the $75 by her husband in March, 1890, but claimed in addition other payments not indorsed on the note. On the issues thus formed there

Trumbo v. Flournoy.

was a trial by the court without a jury, resulting in a finding and judgment for plaintiff according to the allegations of his petition, and defendant appealed.

Defendant complains that the trial judge errone- ously found against the several payments alleged in her answer. To prove these payments, PAYMENT: checks: defendant relied mainly on certain checks presumption; different indebt- given by her husband during his lifetime ednesses. to Mr. Relph. It was contended below and insisted here that these checks, having been paid, are *prima facie* evidence of payments on the note, that there was no countervailing proof, and that hence the court should have treated the payments as made.

If the evidence stopped here, showing simply the one indebtedness from Flournoy to Relph (to wit, the note in suit) and that certain moneys were thereafter paid by the maker to the payee, then there would be much force in defendant's contention; for in that case it might be well concluded that such payments were made on account of the one indebtedness, that is the note. I take it that there the presumption of law would be that such payments were intended to be ap- plied on the note in question. The evidence however tended to show that Relph and Flournoy, during all these years after execution of the note, had various other business transactions, that Flournoy bought from Relph at divers times cattle and hogs; and it may be then that these payments went on these various accounts rather than as credits on the note. So then the presumption contended for must fail. The burden of proving payment on the note rested on defendant; and before she can justly insist that these various amounts paid at different times by her husband to Relph should be applied on the note she must show that they were so intended. From the face of the evidence as

it appears in this record it would seem quite doubtful, to say the least, how these payments should be applied. The court, sitting as a jury, has found however that said payments were not made on account of the note and we are not prepared to dispute this conclusion. The judge's finding in that respect is entitled to the same conclusive force as in case of the verdict of a jury. The two payments of $100 and $30 come within the same rule and reasoning as the others. During all this time, according to the evidence, Flournoy and Relph were trading "back and forth," and it is far from clear that these two payments were intended to apply on the note in question; the court has found otherwise and we can not disturb that finding.

We discover no reason to condemn the court's action in giving and refusing instructions. These declarations of law are only important in that they disclose the theory of the law applied to the facts as found by the court.

——: instruction: finding.

By defendant's first instruction given by the court the defendant was correctly declared entitled to every credit or payment whether indorsed on the note or not; and by defendant's third instruction, also given, the court announced the theory that where a payment was made "then in the absence of any evidence whatever that said payment was on any account other than on said note in suit, such payment should be credited and allowed on said note." The court however found the facts otherwise—and on sufficient evidence too—and so the matter rests. As to the refused instructions, numbered 3 and 5, what we have already said serves a sufficient answer to defendant's complaint in that respect.

The objection as to the form of the judgment is without merit. While a portion of the record entry

may be, in itself and when viewed alone,

JUDGMENT: form
v. substance:
personal v. *in
rem.*

regarded as ·a *personal* judgment against the defendant, yet when the whole thereof is considered it consists only of a special judgment of foreclosure with an order for special execution against the defendant's real estate which she pledged for the payment of her husband's debt. As said by us in Farley Bros. v. Cammann, 43 Mo. App. 168, judgments are now tested by matters of substance rather than by the measure of any particular draft or form; and so while there are words in the judgment, taken by themselves, which may indicate an intention to enter a general charge against the person and estate of a married woman, yet when the judgment, considered as a whole, is shown to be solely against her real estate charged with the lien, then it is unobjectionable.

Since the record discloses no substantial error the judgment will be affirmed. All concur.