## HILL *v.* GREEN.

### Opinion delivered February 12, 1917.

1. ACCOUNT—PLEA OF PAYMENT—BURDEN OF PROOF.—In an action on an account, the burden is upon the debtor to maintain his plea of payment.

2. ACCOUNT—PLEA OF PAYMENT—BURDEN OF PROOF.—A. sued B. on an account, and B. plead payment, showing the payment to A. of certain sums by check; *held*, unless the check shows on its face for what purpose it was given, or there is some positive evidence as to the transaction to which it is referable, the burden still continues on the party pleading payment to show that the check was given in payment of the account.

Appeal from Union Chancery Court; *James M. Barker*, Chancellor; affirmed.

*R. L. Floyd* and *W. D. Jackson*, for appellants.

1.   The findings of the court are clearly against the preponderance of the evidence, except as to check 4. The burden was shifted to the appellee when payments were shown.   54 Pac. 932; 97 N. W. 1023; 142 *Id.* 1069; 66 S. W. 188; 82 S. E. 588-591.   See, also, 72 Am. Dec. 619; 187 S. W. 446.

2.   The appellants have conclusively proved payments aggregating $919.74 and the appellee has failed to show how he was given credit for them.   Even if the burden of proof is on appellants, they have sustained the burden by a great preponderance of the evidence.

*W. E. Patterson*, for appellees.

1.   The burden is on him who pleads payment. 67 Ark. 172.

2.   The notes and mortgages sued on were admitted.   The credits were not established and the chancellor so found.   The finding of the chancellor is overwhelmingly sustained by the evidence.

HUMPHREYS, J.   Appellees, B. B. Green and J. E. Frisby, trustees, brought this suit in the Union Chancery Court against appellants, Frank C. Hill and Birdie S. Hill, on two notes and an open account secured by mortgages, praying for judgment and sale of the lands described in the mortgages to satisfy said judgment.

Appellants pleaded payment.   On motion of the parties a master was appointed to state an account between them to ascertain whether the indebtedness had been paid.

The master reported that Frank C. Hill owed B. B. Green the sum of $1,354.82.

Exceptions were filed by appellants to the master's report and upon hearing, the chancellor rendered judgment against Frank C. Hill in favor of B. B. Green for $1,304.82 and decreed foreclosure.   From this judgment and decree of foreclosure, an appeal is prosecuted to this court.

No attack is made by appellant on the debit items in the account.   The bone of contention is whether or not Hill was entitled to credits for eleven checks total-

ing $885.57 as of date the checks were given. The account in question grew out of business transactions between B. B. Green and Frank C. Hill in the years 1909 and 1910. The major portion of the transactions took place prior to September 9, 1909. Business was transacted between these parties during said time which did not enter into or become a part of the account in question. Many checks given by Hill to Green during that time relate to business transactions independent of the merchandise account in question. On September 9, 1909, Green rendered an account to Hill showing a balance against Hill of $39.76. All the checks for which credits are claimed were dated prior to and on September 9, 1909. There were some transactions between the parties that entered into and became a part of the account after September 9, 1909. The final balance on this account, together with taxes paid by Green on the mortgaged land, and a note in the principal sum of $600 with interest thereon, and a note showing a balance of $203.55 with interest thereon, entered into and became the subject of this suit. After the parties ceased to do business with each other, Green made a diligent effort to collect these amounts from Hill, but was put off from time to time until the 29th day of October, 1914, when this suit was instituted. No contention had ever been made by Hill that he had paid these notes and the balance due on the open account until after the institution of this suit. Had he received credit for the eleven checks on September 9, 1909, when Green rendered the account to him, Green would have been indebted in quite a sum to Hill.

The evidence as to whether the eleven checks should have been credited on the account was conflicting. If the checks were given in payment of transactions not carried into the account, then they should not have been credited on it. If given as payments on the account, they should have been credited on it. Nothing appears either on the checks or stubs indicating for what purpose they were given. Neither appellee nor appellant testified definitely to what transac-

tions the checks related. The master's report indicates that he made a diligent effort to ascertain the purpose for which each check was given. The chancellor reviewed the findings of the master on each item claimed as a credit and modified the findings of the master as to one item only. This court has read the evidence carefully and could not say with certainty that either one of these checks should have been credited on the account. It can not be said with assurance that either check was given as a payment on the account. In fact there are many circumstances in the record indicating that they had reference to independent transactions. It is impossible for us to say that the findings of the chancellor are against a clear preponderance of the evidence.

It is urgently insisted that the burden is upon the appellee to show what application was made of the funds derived from the checks in question; that having received and cashed the checks, the burden is shifted to him to definitely establish the purposes for which the checks were given. The burden is upon the debtor to maintain his plea of payment.

Unless the check shows on its face for what purpose it was given, or there is some positive evidence as to the transaction to which it is referable, we think the burden still continues on the party pleading payment to show that the check was given in payment of the account.

The checks in this case being referable under the conflicting testimony to either the account or to independent transactions, we can not find by a preponderance of the evidence that the checks were given in payment of the account.

The decree is affirmed.