[Civ. No. 4251. First Appellate District, Division Two.—December 30, 1922.]

## J. F. GUNTHER et al., Respondents, v. LILLIE H. McCORMICK, Appellant.

[1] MECHANICS' LIENS — SEPARATE CONTRACTS — TIME FOR FILING LIENS.—Where labor or materials are furnished under separate building contracts, even though such contracts are between the same persons and relate to the same building or employment, the contracts cannot be tacked together so as to enlarge the time for filing a lien for what was done or furnished under either, but the claim of lien must be filed for what was done or furnished under each contract within the statutory period after its completion.

[2] ID.—COMPLETION OF WORK AFTER LAPSE OF TIME—GOOD FAITH—QUESTION FOR TRIAL COURT.—In an action to foreclose a mechanic's lien the question whether the act of the plaintiffs in returning to the property after some lapse of time for the purpose of completing their work was not done in good faith, but was an attempt to extend their time to file a lien, was a matter for the consideration of the trial court.

[3] ID.—SEPARATE CONTRACTS—PAYMENT ON ACCOUNT—APPLICATION—BURDEN OF PROOF.—Where the plaintiffs completed work at different

---

1. Right to tack different contracts to perform labor or furnish material for purpose of extending time to file them, note, 15 L. R. A. (N. S.) 299.

times under separate contracts and a payment was made on account, the burden of showing on what account such payment was made rested upon them.

APPEAL from a judgment of the City and County of San Francisco. Walter Perry Johnson, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Guy V. Shoup and A. A. Jones for Appellant.

T. John Butler for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action to foreclose a mechanic's lien. Judgment was awarded them in the trial court and the owner of the real estate has appealed under section 953a of the Code of Civil Procedure.

In the fall of 1919 Ella W. Goodrich leased from E. O. McCormick and Lillie H. McCormick, his wife, the house and lot known as 2015 Broadway, in San Francisco. The lease was to continue twenty-one months from the first day of December, 1919. As an accommodation to the lessee, the lessors allowed her to enter about the middle of November, and shortly after she entered she commenced making repairs and placing orders therefor.

The first order was written down by the plaintiffs on their letter-head and is as follows:

"Nov. 21st 1919

"Mrs. Goodrich,

"2015 Broadway,

Front Attic.

Paint 3 coats and closet, on west:

Middle,

Same as front;

East Bed Room wood 1 coat;

West Bed Room wood 1 coat, bath 2 coats;

South Bed Room, paper walls, paint wood, bath 2 coats;

Small hall 1 coat;

Conservatory, 3 coats, *conservatory floor 2 coats;*

Basement and kitchen and pantry 3 coats of paint,

1 coat enamel.   ($290.00)."

A week or ten days after the plaintiffs had commenced the above-mentioned work, the lessee requested the plaintiffs

to do some other work. This second order is most concisely stated by quoting the testimony of Mr. Porter: "I have notes of the things I done there. We undertook that under a contract of $290, and then they wanted the cement steps and the walls cleaned in there, and that is a very hard thing to estimate, and so I told her I would do that under time and materials, that means that the material that I used amounted to $28, that was not included in the $290. Papering two rooms $37.75. Painting linen closet, hall closet, basement floor, $21. Painting back stairs, tinting halls and varnishing wood, $31. Painting butler's pantry, floor and shelves, $18.75. Painting floors in basement, hall toilet and two bedrooms and kitchen, $63.50. Kitchen counters, and sideboard $20.00, tables and chairs, $17.50. Kitchen drawers, $5.50. Painting outside of conservatory, $40.00. Steps and sides of the wall, $65. Touching up in the living-rooms, hall and parlor, $24.75; painting in the basement room, $7. Painting in the wardrobe, $4.50."

Prior to January 29, 1920, the lessee placed a third order which was for repairs on the roof. Mr. Porter did not give the date the order was received, but he testified that the lessee telephoned for him, that he called and that she indicated the work she wanted done. She asked him to do the work and he told her he would on condition that she would give him a check as soon as he got it done. She gave him a check which was returned marked "no funds." That check was for $59 and some cents. No work was done in February, none was done in March, and on April 20th Mr. Porter testified that he sent a workman to the house who went there and gave the conservatory floor the second coat of paint. Turning back to order number one, it will be noted that the service rendered on April 20, 1920, was included in the first order.

[1] A notice of lien was filed May 24, 1920. By comparison of dates it will be observed that order number two and order number three had been fully done and performed nearly four months prior to the filing of the notice of lien. Such being the case, neither of those orders should have been included in the judgment against the appellant. In the case of *Fly* v. *Cline*, 49 Cal. App. 414 [193 Pac. 615, 621], Mr. Justice Finlayson, writing the opinion for the district court of appeal, second district, division two, says:

"Where labor or materials are furnished under separate building contracts, even though such contracts are between the same persons and relate to the same building or employment, the contracts cannot be tacked together so as to enlarge the time for filing a lien for what was done or furnished under either. The claim of lien must be filed for what was done or furnished under each contract, within the statutory period after its completion." (See, also, 27 Cyc. 144; 2 Jones on Liens, 3d ed., sec. 1431; *Berkshire* v. *Hall* (Mo. App.), 202 S. W. 414, 416.)

[2] The appellant contends most earnestly that the act of the plaintiffs in returning to the property on the twentieth day of April, 1920, for the purpose of applying the second coat to the floor in the conservatory, was not done in good faith, but that it was an attempt to extend the plaintiffs' time to file a lien. Such matters were for the consideration of the trial court when that court was attempting to determine when order number one was completed. It has made a finding that it was completed on the twentieth day of April, 1920. Under the facts before us this court may not disturb that finding.

[3] On April 22d the lessee paid the plaintiffs $10 on account. There is nothing in the record to the effect that the payment was paid on, and was to be applied to, either order number one, order number two, or order number three, or altogether. The burden of making that showing rested on the respondents.

In making up the amount of its judgment as against the appellant, the trial court added together orders number one, two, and three, and also $2.40, the cost of verifying and recording the notice of lien, and then deducted the payment of $10 and certain charges the plaintiff had made for painting some pieces of furniture. It thus arrived at the amount of $711.60; whereas, the trial court should have ignored orders two and three, and it should have deducted the payment of $10 from $290, the amount of order number one, and then it should have added the recording charge, $2.40, making $282.40.

The judgment is modified by inserting $282.40 in the place and stead of $711.60 in each place where those figures occur in the judgment, and as so modified the judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.