WILLIAM W. CHURCH,   Plaintiff in Review

*vs.*

CHARLES F. CHURCH et als., Admr's.

Somerset.    Opinion April 16, 1923.

*The burden of proof of payment of any particular obligation rests upon the party*
*asserting such.   Where there is but one obligation or transaction between the*
*parties requiring payment of money, a strong and almost conclusive pre-*
*sumption arises, in case of a mere payment, that such payment was*
*made on account of such single obligation, but if there are two*
*or more such obligations or transactions, no such presump-*
*tion arises.*

At the January Term, 1919, of the Supreme Judicial Court for Somerset County, Charles F. Church and Isaiah F. Crowell, administrators of the estate of Eunice Church, obtained judgment against William W. Church in the sum of $1,822.92 and costs by default.   Upon petition therefor by William W. Church a review was granted and this action of review is before the Law Court on agreed statement of facts.

*Held:*

1.   That a trust agreement was entered into September 4, 1899, between William W. Church as trustee and his mother Eunice Church, whereby he agreed that  the sum of $1,600 should be deposited in some savings bank or institution in Maine and all the annual net income thereof should be paid to said Eunice during her lifetime.

2.   The original suit was brought to recover the amount of this income.   In this action of review William W. Church pleaded payment and introduced checks amounting to $1,182, in proof thereof.   The precise issue is whether these payments were made on account of this trust obligation.

3.   The burden of proof of payment rested on William W  Church, and he must prove that this particular obligation was paid in whole or in part.

4.   It is a well-settled rule that if it appears that there was only one obligation or transaction between the parties requiring the payment of money, then from the mere payment a strong and almost conclusive presumption would arise that it was made on account of that single obligation.

5.   But if it appears that there were two or more such obligations or trans-actions no such presumption arises.

6. We find that at least three different transactions are disclosed, aside from the trust agreement, and therefore the mere fact of payment of money is not sufficient to prove it was in discharge of the trust obligation, with the exception of one check of $17.50 which distinctly states that it was interest on money in the Augusta Savings Bank, one of the depositories of the trust fund. No other payment on this obligation is proved.

7. Compounding the interest on $1,600.00 at four per cent. from the date of the agreement to the death of Eunice, August 23, 1917, and giving credit for $17.50, makes the interest $1,642.50. To this should be added interest at six per cent. from August 23, 1917.

8. The first judgment was paid by William W. Church. The judgment on review exceeds that original judgment. The amount of excess can be determined by the Clerk and for that excess, together with costs on review, these defendants in review are to have judgment. R. S., Chap. 94, Sec. 11.

On report. A writ of review of an action originally brought by Charles F. Church, guardian of Eunice Church against her son, William W. Church, which was prosecuted after her death by her administrators, Charles F. Church and Isaiah Crowell, defendants in this action, who obtained judgment against the said William W. Church, plaintiff in review, in the sum of $1,822.92 and costs by default. Upon a petition therefor by William W. Church a review was granted, and by agreement of the parties the case was reported to the Law Court for final determination upon an agreed statement of facts. Judgment for defendants on review, amount to be computed by the clerk in accordance with opinion.

The case is stated in the opinion.

*Fellows & Fellows,* for plaintiff.

*Merrill & Merrill,* for defendants.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J. At the January Term, 1919, of the Supreme Judicial Court for Somerset County, William W. Church was defaulted in an action of assumpsit brought against him by Charles F. Church guardian of Eunice Church, the mother of both Charles and William, at the September Term, 1917. Eunice Church died on August 23, 1917, a short time prior to the entry of the writ, and the action was prosecuted by her administrators Charles F. Church and Isaiah F. Crowell.

Judgment at said January Term, 1919, in the sum of $1,822.92 debt and damage and $36.41 costs was obtained by default and was paid by said William W. Church.

Upon petition therefor a review was granted and the cause is now before the Law Court on an agreed statement of facts. For the sake of brevity and convenience we shall speak of Mrs. Church, the plaintiff in the original action, as the plaintiff here although her administrators are defendants in this writ of review, and we shall speak of William W. Church, the original defendant, as the defendant here, although he is really the plaintiff in this writ of review. Thus we shall consider the cause as if tried on the original writ.

The situation is this. The original writ was an action for money had and received to recover the income of a certain trust fund of $1,600 held by William W. Church as trustee for the benefit of his mother, under a trust agreement dated September 4, 1899. From this agreement it appears that William Church, the husband of Eunice, died in 1897, leaving a will under which his widow was given a life interest in certain real estate, and at her decease it was to become the property of his eight children in equal shares. In 1899 the buildings on this land, together with their contents, were burned, and the insurance was adjusted on the basis of $1,600 for the loss on the buildings and $471.75 on the contents.

This trust agreement was then entered into by the widow and all the children, by the terms of which the widow was to receive forthwith the $471.75 less any expense connected with the insurance settlement, and the income for life from the $1,600, the language being as follows: "The $1600 shall be deposited by the said William W. Church in some savings bank or institution in the State of Maine to be named by the said Eunice Church to be kept on deposit by the said William W. Church in trust for the following purposes: First, all the annual net income therefrom shall be paid to the said Eunice Church during her lifetime; and, second, at her death the money shall be withdrawn by the said William W. Church and divided equally among the other parties to this agreement."

The $471.75 was duly paid over to the plaintiff and is not involved in this action. The controversy arises over the annual income from the $1,600 fund, which it is agreed was deposited in three banks, the Augusta Savings Bank, the Waterville Savings Bank and the Pittsfield Trust Company, and the income from which at four per cent.,

payable semi-annually, was received by William W. Church up to the time of the death of Eunice on August 23, 1917.

The original suit was brought to recover all this income. The defendant pleaded payment and introduced in evidence eighteen receipts and checks as proof of such payments.

It is agreed that the proceeds of sixteen of these, aggregating $980.50, were received by the plaintiff. The genuineness of the other two, aggregating $201.50, is left to the court to decide. Assuming these to be genuine the total amount of payments by the defendant to the plaintiff was $1,182. The precise issue before the court is whether these payments, or any of them, were made by the defendant under this trust agreement and on account of the income or dividends due to the plaintiff from the Savings Bank deposits. The defendant contends that they were; the plaintiff that they were not.

What is the situation as a matter of evidence? Where rests the burden of proof? The defendant having admitted the receipt of the corpus of the trust fund and of the income at four per cent. up to the time of the death of the beneficiary, and having set up the defense of payment of the income to the beneficiary, the burden of proving such payment rests upon him. He must prove the discharge of his legal obligations as trustee. The plaintiff contends that that burden is not satisfied by merely showing payments of money to the beneficiary at various times, but that the defendant must go further and prove by some affirmative evidence that the various payments were made upon this particular debt. The defendant insists that he has met the burden of proof by merely showing these payments. This raises a question of law somewhat novel in this State. We think the position of the plaintiff is the one logically tenable. The burden is on the defendant to prove that this particular obligation on which he is sued was paid. The rule based on reason and authority seems to be well settled that if it appears that there were two or more obligations or business dealings between the parties calling for the payment of money, then the mere payment is not sufficient to meet the burden of proving it was paid in discharge of a particular one. The evidence is not sufficient to warrant that inference. It goes a distance, but not the full distance. If, however, it appears that there was only one obligation or transaction between the parties requiring the payment of money, then from the mere payment of money a strong and almost conclusive presumption would naturally arise that it was made on

account of that single obligation.　No other conclusion could well be reached. *Somervail* v. *Gillies*, 31 Wis., 152; *Galbraith* v. *Starks*, 117 Ky., 915, 79 S. W., 1191; *Smith's Appeal*, 52 Mich., 415, 18 N. W., 195; *Light* v. *Stevens*, 159 Calif., 288, 113 Pac., 659; *Hill* v. *Green*, 127 Ark., 406, 192 S. W., 209.

Let us apply this reasonable rule here.　What does the case show as to the number of transactions or obligations existing between the parties?　There is no positive statement on this point, but the question is answered by the terms of the offered receipts themselves. At least three different transactions involving money liability are disclosed.

First; the receipt of January 17, 1900, states:　"Received of Wm. W. Church $30. thirty dollars interest on money let W. G. Morrill. (Signed) Eunice Church." This evidently refers to an outstanding loan to W. G. Morrill, which is the property of the plaintiff and the interest on which is being collected by the defendant and turned over to her, a transaction having no connection with the trust agreement.

Second; the receipt of July 6, 1903, reads:　"Received of Wm. W. Church, one hundred and fifty-six dollars, $156., Fifty-six dollars interest and one hundred dollars princeable money." This can have no application to the trust agreement because under that the principal was to be kept intact and only the income paid over. This is obviously an independent obligation. Connected with that same independent obligation is the receipt of October 20, 1904, the next year, for "Fifty dollars interest and one hundred dollars princeable." This links itself with the preceding transaction because another installment of principal is paid and the accrued annual interest in 1904 is fifty dollars instead of fifty-six, six dollars less, because of the payment of one hundred dollars on the principal the year before.

Third; an undated but admitted receipt reads:　"Received of Wm. W. Church $47., forty-seven dollars payed to me by Tom Gleason and Wm. Whealer for land sold to them by Wm. W. Church." Just what this refers to is a matter of conjecture.　A fair inference might be that the son was acting as agent for the mother in the sale of some of her real estate.　In any event it is entirely disconnected from the trust agreement and payments thereunder.

Three separate obligations beside the trust agreement, making four in all, being thus shown by the evidence, the burden devolved

upon the defendant to prove that the payments made by him were in discharge of this particular obligation.

This he has failed to do. All the remaining receipts and checks are silent as to the purpose for which they were given save one, that of August 1, 1900, for $17.50, which distinctly states that it was "interest on money in Augusta Savings Bank." This payment meets the requirement. None other does. Therefore the only credit to which the defendant has proved himself entitled is this payment of $17.50, and for the balance he must be held liable.

How shall that balance be reckoned? Under the agreed statement it is admitted that the defendant received dividends at the rate of four per cent. per annum, payable semi-annually, from the date of the trust agreement, September 4, 1899, to the death of the plaintiff, August 23, 1917. According to the custom of Savings Banks and Trust Companies such dividends undrawn are added to the principal and themselves draw interest. Had the books been made up at the date of the plaintiff's death with interest compounded at four per cent., giving credit for the $17.50 from the Augusta Savings Bank, August 1, 1900, the amount of accrued interest in addition to the principal of $1,600.00 would have been $1,642.50. It would seem that this is the fair basis on which to compute the defendant's liability. It charges him with what he was entitled to receive. 15 R. C. L., Page 39, Section 37. To this should be added interest at six per cent. from August 23, 1917.

This is the amount to which defendants in review are entitled if judgment were rendered without regard to the former judgment. "When the original plaintiff recovers on review as debt or damage a sum exceeding that recovered by the first judgment, he shall have judgment for the debt or damage recovered on review, or for so much thereof as remains unsatisfied and for costs on review." R. S., Chap. 94, Sec. 11. The first judgment was paid by the original defendant. This judgment on review exceeds that original judgment. The amount of excess can be determined by the Clerk and for that excess, together with costs on review, these defendants in review are to have judgment.

*So ordered.*