No. 2244

Second Circuit Appeal

HUMBLE OIL AND REFINING COMPANY
v. EDWARD MICHIELS, ET AL.

(June 6, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Payment—Par. 21, 23.**

The court cannot presume in the absence of all proof that a check applied to the account sued on when it could have applied on another transaction especially where the real defense in the suit is inconsistent with this claim.

2. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact unless manifestly erroneous are affirmed.

Appeal from the Thirteenth Judicial District Court of Louisiana, Parish of Rapides, Hon. John A. Williams, Judge.

This is a suit to collect a bill for gasoline and supplies alleged to have been furnished the defendant.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

T. A. Carter, of Alexandria, attorney for plaintiff, appellee.

Gus A. Voltz, of Alexandria, attorney for defendant, appellant.

CARVER, J. Plaintiff sues defendants, Edward Michiels and Joseph Michiels, a partnership conducting business under the name of Central Garage and Filling Station, for $239.70 for gasoline and other supplies alleged to have been furnishd them.

Defendant's original answer admitted having dealt with plaintiff but says they have paid for all they purchased, except $89.35, which they admit owing. They do not say how much they bought or how much they paid.

They subsequently filed a supplemental answer pleading error in making the first admission and saying the amount that they owed was only $29.85. They further say they sold out their filling station to one Glasscock on May 26, 1923, and bought nothing from plaintiff after that date.

On page 49 of the evidence plaintiff judicially admits that no sale was made after May 26, 1923.

The plaintiff filed an itemized account showing purchases on six days in September, three days in October, and one day in November, 1921, totalling $254.85, without any credits. On December 5, 1921, was credited a check for $153.25, but this was charged back as unpaid on December 14, 1921.

The account then is credited as follows:

| | |
|---|---|
| January 24, 1922 | $ 50.00 |
| April 8, 1922 | 50.00 |
| July 10, 1922 | 50.00 |
| October 2, 1922 | 50.00 |

But this last check was charged back as unpaid on October 22, 1922.

On November 7, 1922, is a credit of another check for $25.00.

On December 23, 1922, is a debit for 40 gallons of oil, $14.70, and December 30, 1922, is a credit of $14.70, evidently in payment of the purchase of December 23.

On January 27, 1923, March 6, 1923, and March 31, 1923, are credits of $25.00 each. Thus it appears that down to March 31, 1923, were total debits of $269.55 with total credits, exclusive of the checks unpaid and charged back, of $239.70, leaving due on March 31, 1923, $29.85.

Then the account shows debits as follows:

May 21, 1923, 340 gallons of gasoline_$59.50
May 23, 1923, 510 gallons of gasoline_ 89.35

It also appears that except for the $14.70 of December 23, 1922, there was no

debit between November 8, 1921, and May, 1923, though during this time ten checks on account had been given, two of which were charged back.

Plaintiff's manager, Lillia, testified to the correctness of the account rendered and introduced receipts of the Central Garage and Filling Station signed by various parties covering each item of the purchases shown on the debit side of the account.

The dispute really sifts down to the last two items. We understand defendant's admission of indebtedness to cover the account, except these two. It is true they endeavor to dispute various items of gasoline receipted for by one Price on the double ground that Price did not sign the receipts and also that he had no authority to do so. But the evidence failed to convince the district judge of either claim and we think he made no error in this respect.

Statements were rendered them from time to time showing the amounts charged against them and instead of disputing the account they kept making partial payments on it.

We think the lower judge was correct also in holding defendants liable on the last two items. They were covered by three receipts, two purporting to be signed by one Ashton Michiels, the son of one of the defendants, and one signed as follows: "Michiels Filling Station, M."

Plaintiff's manager, Lillia (page 34), swears to the signatures of Ashton and says the other was signed by Joe Michiels.

Ashton testified, but did not dispute Lillia's testimony.

Joe did not testify.

Edward, his father, testified and denied purchasing or authorizing the purchase of the bill of May 23, but he does not deny the signatures of either Ashton or Joe and admits Ashton's authority to purchase.

Defendant introduced other statements rendered them by plaintiff's Houston office in August and September, 1923, on which the item of $89.35 of May 23, 1923, was not included, and that of $59.50 was put down as of date June 2, 1923, instead of May 21, 1923. But plaintiff's manager, Lillia explains this by saying he had been prohibited from selling defendants on credit, so did not report the sale of $89.35 to the Houston office until after the other statement had been made out. The error in the date of the $59.50 item was explained, he says, by using the tank wagon delivery date on one of the statements and the invoice date on the other. In this he seems corroborated by the tank wagon receipts themselves, which show that the bill of $59.50 was receipt 640,884, and the bills for $29.75 and $59.50, aggregating $89.35, of May 23, 1923, were receipts 640,889 and 640,891. Furthermore, he says, as shown above, that the receipt for the $59.50 bill was signed by Joe Michiels, who does not dispute this. The mistake in the date is therefore immaterial.

Beyond this, defendants' first admission was that they owed $89.35, which manifestly was the $29.85 balance on the old account and the $59.50 shown on this bill.

It is true, they seek in their supplemental answer to withdraw this admission as made in error, but there is no proof that it was made in error, and in our opinion the error was not in making but in withdrawing the admission.

Defendants introduced a check of Alexandria Refining Company for $117.47, dated May 31, 1923, for which the account shows no credit, and defendant Edward Michiels in one place says defendants should have credit for it on the account, but he frankly admits elsewhere that he did not know whether it was given for cash purchases or to replace other checks given but not paid or as a credit on the ac-

count. In view of the fact that there were other transactions to which this might have applied, we cannot presume, in the absence of all proof, that it did apply to the account sued on, especially as the real defense in the suit seems inconsistent with this claim. That defense, as shown above, is that they did not put the last two items on the account. If they did not, they would owe only $29.85.

The judgment of the lower court is therefore affirmed.