## EGGLESTON v. ORIENT INS. CO.
### SAME v. EBERLE.
## SAME v. INSURANCE CO. OF NORTH AMERICA.
No. 27918.   May 10, 1938.

Rehearing Denied June 7, 1938.

Claude Weaver, for plaintiff in error.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

BAYLESS, V. C. J. Three actions styled, Orient Insurance Company of Hartford, Conn., v. H. C. Eggleston, No. 2700; Will S. Eberle v. H. C. Eggleston, No. 2701; and Insurance Company of North America, a Corporation, v. H. C. Eggleston, No. 2738, were filed in the court of common pleas of Oklahoma county, and resulted in judgments for the plaintiffs. Eggleston appeals. The three actions were consolidated for the purpose of trial, and are consolidated on appeal and will be considered together.

Each of the plaintiffs sued to recover the premiums alleged to be due for certain specified policies of fire insurance sold by a local agent named Aubrey to Eggleston. Eberle was general agent for a company and under his contract had paid the net on the policies sold by that company and brought suit in his own name for the premiums.

Eggleston's separate answers are the same and were verified, and may be summarized as follows: (1) General denial; (2) plea of the statute of frauds; and (3) "The defendant, as to all or any part of the plaintiff's claim which the proof may show the defendant originally obligated for, if any, which the defendant denies, specifically pleads payment in full, and finally answering herein, says that he owes the plaintiff nothing upon the causes of action in the petition set forth." Plaintiffs' replies were general denials.

Defendant argues that a number of defenses were raised by these answers which merit detailed consideration. He says the plaintiffs must prove (1) their corporate existence; (2) the agency of the various agents mentioned; (3) the items of the debts sued upon; and many other technical points which may be said to arise generally under a general denial. The petitions contained

general allegations of corporate existence. The verified answers contained general denials, but no express averments under oath that the corporate plaintiffs were not corporations. We have held that a verified general denial is not sufficient to raise the issue of corporate existence under section 9737, O. S. 1931. Marshall Mfg. Co. v. Dickerson, 55 Okla. 188, 155 P. 244, and McMurray v. Witherspoon, etc., Co., 132 Okla. 100, 269 P. 357. With respect to the other issues presented under this argument, it is sufficient to say that we believe the trial judge correctly subordinated all issues to the one of payment. Upon a consideration of the record in this case, we are of the opinion that the issues relating to agency, original liability, etc., lose significance in the light of the affirmative defense of payment.

The plaintiffs introduced evidence in detail with respect to the various policies issued and the amount of premium on each. It appeared from their evidence that while Eggleston may not have been the owner of all of the properties upon which policies were issued, he was a builder and had an insurable interest in all such properties at the time the policies were issued. In answer to a direct question by the trial judge Eggleston admitted all of these policies were issued and charged to him. Whereupon, his attorney stated that there were a few exceptions and they would be pointed out. We are unable to find in the record where this was done. Therefore, all denials in the pleadings or elsewhere fall in view of the defendant's admission. This admission puts at an end questions of agency, etc.

Eggleston's defense of payment was the subject of much contradictory testimony. Plaintiffs categorically denied any payment. Eggleston testified to a course of personal dealings between him and Aubrey, agent of the plaintiffs, out of which he claimed actual payments of money and credits sufficient to discharge the debts sued upon. These fall into three classes: (1) Checks; (2) money collected by Aubrey and kept by agreement; and (3) credits arising from various business transactions between the two and wholly unrelated to plaintiffs' business. The checks were the subject of dispute between the parties. The items of money collected and kept by Aubrey were fairly established. The items of credit arising from their business relations the trial court generally refused to permit to be shown in evidence. Defendant cites 32 C. J. 333, May on Insurance, sec. 134, and numerous cases for the proposition that an agent may collect premiums otherwise than in money. In our opinion they cannot be applicable to the facts offered to be proved in this case. In addition, defendant recognizes the weakness of his proposition as to this rule when he relies upon consent, ratification, and estoppel as lending support. It is sufficient to say that there is no proof of consent, ratification, or estoppel on the part of the plaintiffs.

The defendant complains of the instructions given to the jury which, in effect, directed the jury to find for the plaintiffs unless they found and believed that the defendant had proved payment of the debts. The trial judge instructed the jury that the burden of proof relating to payment was upon the defendant. The defendant asserts that this was an invasion of the province of the jury, and that it was distortion of the law relating to the burden of proof. The defendant contends that the burden of proof is always on the plaintiff. It is elementary that the burden of proof is upon the one who brings the action. But it is likewise elementary that there are many instances when the burden of proving certain issues is upon the one who tenders the issue. The issue of payment is one of these. Payment is an affirmative defense, and must be pleaded specifically (11 Okla. Dig. 273, Payment, Key No. 59); and the burden of proving payment is upon the party alleging it. Edwards v. Johnston-Larimer Dry Goods Co., 59 Okla. 101, 158 P. 446. The trial judge did not err in so directing as to the burden of proof, and the instructions given were proper.

That the jury was not misled by these instructions as to where the burden of proof lay is apparent from the fact that certain credits were allowed to defendant. In other words, the jury was impressed by the defendant's admission of indebtedness in the first instance and likewise was impressed by his evidence relating to certain credits claimed. In other words, the jury believed that he had made some payments, and allowance was made therefor.

Finding no error in the record, the judgment of the trial court is affirmed.

Judgment affirmed.

PHELPS, CORN, GIBSON, and HURST. JJ., concur.