## REDWINE v. ROHLFF LUMBER AND SUPPLY CO.

(No. 2109; May 29; 1939; 91 Pac. (2d) 49)

254

For the plaintiff in error, the cause was submitted on the brief of *Fred W. Layman* of Casper, Wyoming.

For the defendant in error, the cause was submitted on the brief of *Wm. D. Cobb, H. B. Durham,* and *C. M. Crowell* of Casper, Wyoming.

RINER, Chief Justice.

This is a proceeding in error brought to review a judgment of the district court of Natrona County. The parties will generally be subsequently herein mentioned as aligned on the trial.

The plaintiff, Rohlff Lumber & Supply Co., sued the defendant, L. W. Redwine, on an open account for materials furnished the latter in his work as a building contractor. By stipulation of the parties an itemized

statement of the account aforesaid was furnished to the defendant, said statement being designated Exhibit A and made a part of the plaintiff's petition. This statement disclosed that the account in controversy embraced the balance due on some twelve separate jobs or pieces of work for which materials were claimed to have been furnished by the plaintiff to the defendant. For convenience the materials thus obtained were listed on plaintiff's books under charges to each job where they were delivered and used.

The defendant by his answer in the case admitted the receipt of the materials aforesaid, for which he agreed to pay the price stated to be the sum of $1278.37, and that a credit of $400.00 allowed thereon, as pleaded in the plaintiff's petition, was a proper one. He denied that there remained any unpaid balance, asserting that the materials had been fully paid for.

The defendant's answer also contained a "cross complaint," averring that plaintiff was indebted to the defendant in the sum of $105.00, as a balance due him on an architectural plan and estimate of costs requested by it from him for a building to be constructed for one W. A. Spears, and also in the sum of $90.00, this amount claimed to be due him on an alleged oral contract between the plaintiff and defendant concerning some 3000 brick, which it was alleged plaintiff had agreed to furnish defendant at the price of $38.00 per thousand, or a total of $114.00, but failed to do so, and the defendant was obliged to expend the sum of $204.00 in obtaining them. Plaintiff's reply denied the allegations "of new matter in said cross complaint contained."

The cause was tried to the court, with the result that there was a general finding made in favor of the plaintiff on its petition and against the defendant on his "cross petition and answer," with judgment thereon in favor of the plaintiff for the amount claimed in its

petition, and that the defendant take nothing by his cross-petition, which was accordingly dismissed.

In support of his plea of payment, the defendant introduced in evidence at the trial certain checks, defendant's Exhibits 1 to 5, inclusive, drawn by the defendant in favor of the plaintiff and cashed by the latter. There was no notation on any of the checks designating the job or account to which they were to be applied by plaintiff, nor was there any testimony in the record that defendant's Exhibits aforesaid were in payment of any part of the account in suit, other than defendant's Exhibit No. 1, a check for $400.00, which, as we have seen, had been credited to the defendant by the plaintiff on its statement of account.

The plaintiff, after the defendant had rested his case, then, over defendant's objection and exception, introduced the testimony of its auditor, C. H. Reimerth, that the defendant's payments evidenced by the checks, defendant's Exhibits 2 to 5, inclusive, had been credited on certain job accounts also owed by defendant to the plaintiff, other than those sued upon. Defendant made no claim that he had not been indebted to the plaintiff for these other accounts. In rebuttal the defendant also introduced additional checks and receipts, defendant's Exhibits 6 to 16, inclusive, these checks being shown to have been cashed by the plaintiff and the receipts given by plaintiff to the defendant for certain payments to it made by check. As to these payments, also, as thus made by the defendant to the plaintiff there was no evidence whatsoever that they were made as payments on the account in suit. The defendant himself testified that he did not know to what accounts the payments evidenced by any of these checks and receipts aforesaid had been made.

The only question submitted in the brief of the defendant here, the cause not being argued orally, ap-

pears to be whether there was error in permitting the introduction of the auditor Reimerth's testimony, above mentioned.

In Yolland Ice & Fuel Co. v. Mulcahy, 72 Cal. App. 722, 238 P. 119, the facts were as stated by the court:

"The defendant was a contractor at the time the indebtedness was incurred, and according to the bill of particulars, the merchandise, which consisted of gravel, sand, rock, cement, lime, and plaster, was purchased for use on several jobs which the defendant had under construction. The dates of these purchases ranged from February 8 to December 26, 1918. The defendant testified that he paid this indebtedness June 9, 1918, by giving the plaintiff a check for $1,100 in full settlement thereof. Witnesses for the plaintiff testified that this check was given in payment of other sums which the defendant owed the plaintiff at that time, and the court found accordingly."

The contention of the defendant in that case on appeal by him and the disposition of his contention by the court was:

"Appellant contends that evidence of this other indebtedness was improperly admitted because not alleged in the complaint or set out in the bill of particulars. There is no merit in the contention. It was not the indebtedness for which the suit was brought, and evidence thereof was properly admitted to show that the payment of $1,100 was made in liquidation thereof, and not in satisfaction of the indebtedness for which the suit was brought."

In Druss v. Rosen, 84 N. Y. Supp. 174, the opinion, a short one and pertinent to the point here involved, is entire in the following language:

"In an action for goods sold and delivered, the defendant set up two defenses—a general denial and payment. To prove the latter, he offered in evidence checks for a larger amount than the whole bill of the plaintiffs, who, in rebuttal, showed prior transactions, and claimed that the checks of the defendant were

given in payment of them. The defendant appeals upon his objections, taken with exceptions, that it was improper to receive evidence of sales not within the pleadings, to amend which accordingly no motion was made. The propriety of the testimony given as to anterior transactions is apparent upon inspection of the checks put in evidence by the defendant himself. The judgment should be affirmed."

The language used by the court in the case of Northern Lumber Co. v. Clausen, 201 Iowa 701, 208 N. W. 72, in part reads thus:

"Boiled down, appellant's claim is that appellee owed the sum of approximately $600. The appellee says that he paid this amount in the check for $600 above referred to. The burden of proof is on the appellant, in this instance, to prove his claim unpaid, and he is entitled to meet any evidence of appellee proving payment by any evidence available which shows nonpayment. Therefore, when appellee tendered his evidence showing payment by these two $500 checks, the burden still rests on the appellant, and he has the right to introduce any evidence which will sustain his burden of proving the account unpaid. We are therefore of the opinion that appellant had the right to show that, even though this money was paid to him, such payment was not made to apply on the account in controversy, and that therefore no reply was necessary."

See also to the same effect Hendricks v. Leopold, 18 S. W. (Tex. Court of Appeals). 638; Lester et al. v. F. David & Co., Inc., (R. I.) 123 A. 293; Smaltz v. Newhof, 178 Mich. 500, 144 N. W. 853.

Under the authority of these decisions, which we think promulgate the proper rule applicable here, it is apparent that the district court decided correctly in admitting Mr. Reimerth's testimony.

The defendant relies upon the cases of Saunders v. Osgood, 46 N. H. 21, and Armour & Co. v. Bluthenthal & Bickert, 9 Ga. App. 707, 72 S. E. 168. In the first of these cases, decided in 1865, the plaintiff had pleaded

a credit in defendant's favor of $110.00, which upon entering on the trial he found to be erroneous, and accordingly asked leave to make an amendment to the account. The trial judge reserved his decision concerning the request, and when the jury found in favor of the plaintiff after he had introduced proof that the credit aforesaid was erroneous, the amendment was not permitted. The appellate court reversed the judgment because proof of this character was allowed to be introduced, taking the position that the defendant would be surprised and misled thereby. We are unable to see that anything of this sort appears in the case at bar. In the second case, also, there was a mistake in one of the items of the account sued upon, and the plaintiff was held to be bound, in the absence of an amendment asked, by the erroneous item. The Chief Justice of the court in remonstrance against the opinion of the majority taking that view, however, said that their position was "a too strict adherence to the technical rules of pleading at the expense of substantial right. It presents a situation where the plaintiff loses entirely payment for its property, which was admittedly delivered to the original debtor, for any subsequent suit for the amount would probably be res adjudicata."

We do not regard these cases as in point on the situation presented at bar, but even if we should be mistaken in this, it is clear that they announce stricter rules than would be applied in this jurisdiction on review. Walther v. Steward (Wyo.) 88 P. (2d) 475, and cases there cited. In our judgment the decisions cited above and prior to the New Hampshire and Georgia cases are more closely applicable here and should be regarded as indicating the course to be pursued in disposing of the instant case.

Another legal principle invoked by the plaintiff we are inclined to think also applicable both to the checks

defendant's Exhibits 2 to 5, inclusive, and to defendant's Exhibits 6 to 16, inclusive. While it is true that where there is but a single indebtedness between the parties, checks of the debtor cashed by the creditor would doubtless raise a presumption that such payments were upon said indebtedness, but where there are different debts the burden rests upon the debtor to show that the checks were intended to be applied on the principal indebtedness in suit. The following cases briefly reviewed illustrate our meaning in this connection.

In Trumbo, Admr., v. Flournoy, 77 Mo. App. 324, it was said:

"The evidence however tended to show that Relph and Flournoy, during all these years after execution of the note, had various other business transactions, that Flournoy bought from Relph at divers times cattle and hogs; and it may be then that these payments went on these various accounts rather than as credits on the note. So then the presumption contended for must fail. The burden of proving payment on the note rested on defendant; and before she can justly insist that these various amounts paid at different times by her husband to Relph should be applied on the note she must show that they were so intended. From the face of the evidence as it appears in this record it would seem quite doubtful, to say the least, how these payments should be applied. The court, sitting as a jury, has found however that said payments were not made on account of the note and we are not prepared to dispute this conclusion. The judge's finding in that respect is entitled to the same conclusive force as in case of the verdict of a jury."

The contention in Hill v. Green, 127 Ark. 406, 192 S. W. 209, was:

"It is urgently insisted that the burden is upon the appellee to show what application was made of the funds derived from the checks in question; that, hav-

ing received and cashed the checks, the burden is shifted to him to definitely establish the purposes for which the checks were given."

But the court said:

"The burden is upon the debtor to maintain his plea of payment. Unless the check shows on its face for what purpose it was given or there is some positive evidence as to the transaction to which it is referable, we think the burden still continues on the party pleading payment to show that the check was given in payment of the account.

"The checks in this case being referable under the conflicting testimony to either the account or to independent transactions, we cannot find, by a preponderance of the evidence, that the checks were given in payment of the account."

The Supreme Judicial Court of the State of Maine, in Church v. Church, 122 Me. 459, 120 A. 428, ruled that:

"We think the position of the plaintiff is the one logically tenable. The burden is on the defendant to prove that this particular obligation, on which he is sued, was paid. The rule based on reason and authority seems to be well settled that, if it appears that there were two or more obligations or business dealings between the parties calling for the payment of money, then the mere payment is not sufficient to meet the burden of proving it was paid in discharge of a particular one. The evidence is not sufficient to warrant that inference. It goes a distance, but not the full distance. If, however, it appears that there was only one obligation or transaction between the parties requiring the payment of money, then from the mere payment of money a strong and almost conclusive presumption would naturally arise that it was made on account of that single obligation. No other conclusion could well be reached." (Citing authorities.)

See also to the same purport: Humble Oil & Refining Co. v. Michiels, 2 La. App. 337, 339; Light v. Stevens, 159 Cal. 288, 113 P. 659; Galbraith v. Starks, 117 Ky.

915, 79 S. W. 1191; White's Administrator v. White's Administrator, 19 Ky. L. 1590, 44 S. W. 83; Somervail v. Gillies, 31 Wis. 152; Gunther v. McCormick, 60 Cal. App. 350, 212 P. 715.

It is apparent defendant's proof failed to meet the rule declared by these authorities and which also we think should govern here. It is apparent from the record there were other pieces of work also for which plaintiff supplied materials to defendant and on which payments were due from the latter to the former in times past in payment thereof. As above stated, defendant's own testimony was to the effect that he did not know to what accounts the payments shown by the checks and receipts were made, except, of course, the $400.00 one. In this connection, it may perhaps be suggested concerning the testimony of Mr. Reimerth, hereinbefore discussed, that it would seem rather odd that complaint should be made because plaintiff went on, assumed the burden resting upon the defendant, and demonstrated to the court specifically to what accounts the checks, defendant's Exhibits 2 to 5, inclusive, were applied. When plaintiff asked for a short adjournment in order to obtain evidence showing the application of the payments evidenced by defendant's Exhibits 6 to 16, inclusive, the court declined to allow this.

The claims of defendant's cross-petition were determined on conflicting evidence against the defendant, and under familiar rules may not be reviewed here, as there was substantial evidence to support the conclusion thus reached. Upon the facts and law involved in this record, we conclude that the district court of Natrona County decided the case properly and its judgment will be affirmed.

*Affirmed.*

KIMBALL, J., and ILSLEY, D. J., concur.