Martin v. Pribil et al.

*95 P. 2d 853.*

No. 29011.   Nov. 7, 1939.

Dave Bucher and Page Belcher, both of Enid, for plaintiff in error.

C. D. Roseman, of Enid, for defendants in error.

DANNER, J.   The action was by the payee of a promissory note against the makers thereof. The trial judge submitted the cause to a referee, who received evidence, returned findings of fact, conclusions of law and a recommendation that judgment be entered for the defendants. The trial judge adopted, confirmed, and approved the referee's findings of fact and conclusions of law, and entered judgment for defendants, from which judgment the plaintiff appeals.

The plaintiff's contention is that the referee erred in a conclusion of law concerning the burden of proof. If the referee erred in this connection, then the court likewise erred in this particular case, for the conclusions of law were adopted along with the findings of fact and the remainder of the report. We shall first determine whether there was error. If we find that there was error, we shall then consider whether said error was prejudicial.

The plea of the defendants was payment, which is an affirmative defense and must be proved by defendant. Eggleston v. Orient Insurance Co., 183 Okla. 69, 80 P. 2d 273; Washington v. Mechanics & Traders Insurance Co., 174 Okla. 478, 50 P. 2d 621. The referee so concluded.

However, the defendants owed plaintiff on several notes, and were paying on two or more of them at the same time. The real dispute in the case, and the one around which a great mass of evi-

dence revolved, was concerned with the question of *application* of payments. Plaintiff admitted certain payments on the note in controversy. In addition to those payments, which were credited by indorsement on the back of the note, defendants' evidence established certain other payments to plaintiff, totaling more than enough to retire the note in suit, but neither defendants nor plaintiff offered any evidence tending to show that said other payments were intended or directed to be applied on the note in suit, or any other particular note. There is at least as much, if not more, justification for assuming that they were made in part payment of another of the notes, due to certain deductions easily made from the accounts, which need not be particularized here. As stated, defendants offered no evidence whatsoever that said payments should have been, or were directed by them to be, applied on the note in question.

This brings us to the question of burden of proof of application of payments. The referee made a conclusion of law, which was followed by the court, to the effect that the burden was upon the plaintiff, or shifted to him, to show that the application of said other payments was upon other obligations, and not upon the one in suit. In other words, this is the rule under which the judgment was rendered: That when defendants showed that they had made payments in an amount which, added to the admitted credits, exceeded the amount of the note, the burden shifted to the plaintiff to show that those payments were not made on this note but were made on one of the other notes; and that, since neither plaintiff nor defendants had made any showing at all on that question, the judgment would be for defendants, plaintiff making no attempt to resist the shift of burden.

Whatever may be said for that rule in cases where there is an absence of any showing that other obligations exist, it is decidedly against the weight of authority in cases where it is shown that there are two or more concurrent obligations. We have searched the digests on this question, and find that there is very little, if any, difference of opinion among the courts. The general rule is expressed in this manner by 21 Ruling Case Law 113 (Subject, "Payment," sec. 121, dealing with burden of proof on the question of application of payments):

"When a person indebted to another on more than one account makes a partial payment, the burden of proving that at or before the time of such payment he directed its application to a particular debt, as pleaded by him, and that this direction was made known to his creditor, is upon the debtor."

To the same effect is Stone Company v. Rich, 160 N. C. 161, 75 S. E. 1077, Ann. Cas. 1914C, 244. Also Pearce v. Walker, 103 Ala. 250, 15 So. 568.

Without quoting from the reasoning of the courts, we shall set forth the gist of the holdings in several of the decisions on this question. It is incumbent on defendant to show that payments claimed as a credit were made on the note sued on. White's Adm'r v. White's Adm'r, 19 Ky. L. Rep. 1590, 44 S. W. 83. Where there were several debts and the debtor made a payment to the creditor, if the debtor contends that the creditor wrongfully applied the payment to another note, he must prove it. It cannot be presumed that the creditor wrongfully applied the payment. Fisher v. Rake, 4 Ky. L. Rep. 837. Where there is but a single indebtedness between the parties, introduction of paid checks from the debtor to the creditor raises the presumption that payments were on such indebtedness; but where there are different indebtednesses, the burden is on the debtor to show that the checks were intended to be applied on the indebtedness in suit. Trumbo v. Flournoy, 77 Mo. App. 324. In an action by an attorney for services, the burden of proof is on defendant to show that payments not specifically alleged in the pleadings, but testified to, were made in part payment of the claim sued on, instead of on other items. Wessel v. Bishop, 76 Neb. 74, 107 N. W. 220. In an action on a note, where two or

more obligations of the maker to the payee are shown, evidence of the mere payment of money which could have been applied on either obligation does not tend to overcome the presumption of nonpayment of the note. Light v. Stevens, 159 Cal. 288, 113 P. 659. The same case holds that, however, where it affirmatively appears that there is but one obligation, a payment is presumed to be on that obligation,—a situation not present in the instant case. Where certain mortgagors, excepting to an auditor's report, contended that a certain payment was made by them to be applied on the mortgage, it was held that the burden was upon them to prove it. Hawkins v. Bouic, 121 Md. 147, 88 A. 126. Where the party making a payment owes only one obligation to the other party, it is presumed that the payment was to be applied on that obligation; but where he owed more than one obligation, the burden is on him to prove that payments for which he held receipts were made on the obligation in suit. Church v. Church, 122 Me. 459, 120 A. 428. In a suit on notes and an account, where the defendants pleaded payment by checks, the burden was on them to maintain the plea, and unless the checks showed for what purpose they were given, or there was some positive evidence as to the transaction to which they were referable, the burden continued on the defendants to show that they were given in payment of the particular account. Hill v. Green, 127 Ark. 406, 192 S. W. 209. The burden is on the debtor to show to what items payments were to be applied. Terry v. Klein, 133 Ark. 366, 201 S. W. 801. Where work was performed under three separate contracts, and on a named date $10 was paid by defendant, the burden was on him to show on which contract the payment was to be applied. Gunther v. McCormick, 60 Cal. App. 350, 212 P. 715. In an action to foreclose a mortgage, wherein payment of the amount due was in dispute, it was held that the burden was on defendant to show that he had directed application of money paid to plaintiff to the indebtedness due on the mortgage. Barendregt v. Van den Brink (Iowa) 186 N. W. 449. Payments to creditors, without identification of application thereof, are presumed to apply on a proven indebtedness, which presumption may be overcome by proof of other dealings between parties on which payment might have been made. In such case, the burden is on the debtor to prove that said payments were to apply on the indebtedness in suit. Gerasimos v. Wartell's Estate, 234 Mich. 102, 207 N. W. 919. Burden of proving part application of a payment by either debtor or creditor is on the party claiming that such application was made. State Finance Co. v. Hershel California Fruit Products Co., 8 Cal. App. 2d 524, 47 P. 2d 821.

We therefore conclude that the court erred in placing upon the plaintiff the burden of proving that the payments were applied on obligations not in suit. According to the correct rule, the burden was upon the defendants to prove their affirmative defense of payment of this very note, and this included the burden of proving, not that the payments were actually applied, but that the payments were directed by them to be applied on the note in controversy, or that same should have been applied on said note instead of one of the other notes. If such was the case, it apparently would not have required much effort to meet the burden.

Having determined that this was error, we must next determine whether it was prejudicial error. We find no escape from the conclusion that it was prejudicial. There being a total absence of evidence on the question of what application of the payments should have been made, there was no way of determining what judgment should be entered except by resort to a consideration of who failed in his duty of carrying the burden. In the absence of evidence on an issue, determination of the question is necessarily dependent upon where the burden of proof lies. Having placed the burden of proof upon the wrong party, and there being no evidence on the issue, it is logical to assume that the judgment would have been rendered for the

opposite party if the burden had been correctly placed.

We are further borne out in our conclusion that the error was prejudicial by the conclusion of law immediately following the one in question, setting forth that there was no evidence to show that the plaintiff ever applied certain named payments to reducing the balance on the note in question. Even if there had been a conflict of evidence, still it would have been prejudicial error to place the burden of proof on the wrong party. See Eagle Picher Mining & Smelting Co. v. Layton, 182 Okla. 405, 77 P. 2d 1137.

We therefore believe that, according to proper application of the correct rule of law, the judgment should be reversed and the cause remanded for new trial. It is so ordered.

BAYLESS, C. J., and GIBSON, HURST, and DAVISON, JJ., concur.