Argued March 22; reversed April 17; rehearing denied
June 5, 1934

# PICKETT *v.* GRAY, McLEAN & PERCY

(31 P. (2d) 652)

*E. L. McDougal,* of Portland, for appellant.

*Arthur I. Moulton,* of Portland (Lord, Moulton & Krause, of Portland, on the brief), for respondents.

KELLY, J. During the events of this case, defendant was engaged in the business of selling bakers' and confectioners' machinery and supplies, and soda fountain fixtures and supplies; and had a department in which it manufactured and prepared various bakers' and confectioners' supplies. Plaintiff was employed in this department. Among other tasks, plaintiff was required to operate a certain mixing machine in which powders of various kinds were mixed according to defendant's formulas. There were two of these machines. In this record one of them has been designated as the pie machine and the other the meringue machine.

The machines were so constructed that the material to be mixed was poured into a hopper at the top of the cylinder. There was a revolving reel or auger which

operated inside the cylinder and mixed the contents. The machines were operated by electric power which was turned on and off by means of a push button. After the mixing was completed, the contents were drawn off by means of a gate valve or spigot that was located in the lower part of the cylinder. Some time, prior to January 16, 1932, this gate had been sprung on one of the mixing machines, which caused some of the powder to come out and become wasted. Difficulty had been met in the attempt of the mechanic to repair this leaky condition, and such mechanic had placed a paper bag in the gate or valve after the fashion of a gasket. Plaintiff testified that on a few occasions before his injury, he, plaintiff, had also placed a paper bag therein by means of which the leak was stopped. On January 16, 1932, while again attempting to place a paper bag in the valve, the index finger of plaintiff's left hand was caught in the machine and so badly lacerated, mangled and crushed that it was amputated about an inch from its metacarpal joint.

In paragraph IV of his complaint, plaintiff charges:

"That on and prior to the 16th day of January, 1932, defendant had carelessly and negligently permitted said machine to be out of order and in a defective and dangerous condition, in that the door or slide designed to close the same at the bottom thereof, or the part of said container to which said slide or door fitted, was warped, bent or broken so that the same would not close tightly and prevent material leaking therefrom while said machine was in operation, and defendant carelessly and negligently omitted the care and precaution of repairing said machine and straightening the same so that the said opening could be tightly closed, and carelessly and negligently required its employees operating the same, including plaintiff, to attempt to fit pieces of paper between the stationary portion of said container and the door or slide thereof to form packing to prevent material leaking therefrom,

and due to the method of operating said machine, it was necessary that said packing be ꞌfitted therein while the same was in motion and the reel thereof running, and there was great and imminent danger that the fingers of the employees fitting said packing would be caught between said reel and the said stationary portions of said container, and mangled and injured.''

There was evidence tending to show that the belt from the driving shaft to the mixing machine with which plaintiff was working slipped or came off when the machine was stopped. No objection was urged to the introduction of this evidence. In part, it comprised plaintiff's reason for attempting to repair the leak in the valve or spigot while the machine was in motion.

Defendant's first assignment of error is based upon the failure of the trial court to instruct the jury to the effect that if they should find that the belt or belts on the mixing machines slipped or came off, that would not be negligence on the part of the defendant and that the jury should not consider that fact as evidence of negligence against the defendant in passing upon the rights of the parties.

It was also shown that the mixer upon which plaintiff was working, at the time of the accident and injury complained of, was somewhat out of order in that the slide or spigot on the same was sprung or warped.

Defendant's second assignment of error is based upon the failure of the trial court to instruct the jury that they should not take that fact into consideration as evidence of negligence and the proximate cause of the accident and injuries complained of by plaintiff in his complaint.

In its further and separate answer, defendant charged plaintiff with negligence in violating instructions and using the wrong mixing machine. There is

evidence in the record tending to support this charge.

Defendant's third assignment of error is based upon the failure of the trial court to give the following requested instruction:

"I instruct you that the sole question for you to determine in the trial of this action is whether or not the defendant was negligent in the instructions given to the plaintiff, if you find instructions were given, in connection with the operation of the mixer upon which he was working, and whether or not the plaintiff was negligent in what he did in connection with the operation of said mixer as it pertained to instructions given him, if you find instructions were given him."

It appears that plaintiff was 21 years of age when he was injured.

Defendant's fourth assignment of error is based upon the reference to plaintiff's alleged contributory negligence by the trial judge in his instructions to the jury as "the young boy's negligence".

Defendant's fifth assignment of error presents two objections to an instruction given by the court, a part of which is as follows:

"The question of what was required of him (plaintiff) by defendant is solely a question of fact for your determination, and upon it, like other questions of fact in the case, you are the sole judges of what was required of plaintiff. If you find that plaintiff was required to do this work, and that according to the instructions and directions given, the manner in which the work had formerly been performed, and all of the surrounding circumstances, his course in proceeding with it was in accordance with the *requirements* of defendant, and if you further find that in so requiring plaintiff to perform this work, the defendant was careless and negligent as alleged in the complaint, and failed to use every care and precaution practicable for plaintiff's protection, and that by reason of such carelessness and negligence plaintiff suffered injury, then he will be entitled in this action to recover damages

from defendant on account of such injury, subject to the instructions I shall give you in respect to contributory negligence.''

One objection made thereto by defendant is to the use of the word ''requirements'' where italicized instead of the word instructions. The other objection urged thereto by defendant is based upon the contention that there is no evidence in the record that defendant failed to use every care and precaution practicable for plaintiff's protection and hence no reference should have been made thereto.

The sixth and last assignment of error is based upon the assertion that the trial court abused its discretion in failing to grant a new trial taking into consideration the allegedly exorbitant amount of the verdict and the alleged errors of law committed in the trial of the case, it being urged by defendant ''that there is no competent evidence to substantiate a verdict for plaintiff in the sum of $20,000.00''.

We will treat these assignments in their order.

The trial court instructed the jury that plaintiff is bound by his complaint. ''If he recovers at all, he must recover on the allegations of the complaint and none other.''

After stating the specifications of negligence, as alleged in the complaint, the court further instructed the jury:

''These are the allegations of negligence that plaintiff stands on. He is bound on these and none other.''

''Then he says that by reason of this negligence that I have pointed out to you, he was injured '' etc.

''The presumption at the outset of this case is that the defendant is not liable to the plaintiff and that plaintiff is not entitled to recover. The plaintiff is therefore required to prove the allegations of his complaint by the preponderance of the evidence. It is not necessary for the plaintiff to prove each and every

allegation of negligence alleged in the complaint; if he proves one or more allegations of negligence and his damage by a preponderance of the evidence, then he is entitled to recover. I say he must prove the allegations of his complaint by a preponderance of the evidence.''

The question presented by the first assignment of error is whether the same matter is covered in the foregoing instructions as in defendant's request to the effect that if it was shown that the belts slipped or came off that fact should not be considered as evidence of negligence on defendant's part.

While relating the circumstances immediately attendant upon his injury, plaintiff gave testimony as follows:

''Q. Why did you not stop the machine after you opened it, or while you packed it or closed it?

''A. Well, whenever you stop the machine, it threw the belt, because you put your juice on it all at once.

''Q. And you went ahead with it without stopping it?

''A. Yes sir.''

Each party has the right to have the jury instructed so clearly and pointedly as to leave no ground for misapprehension or mistake: 64 C. J. 891, § 701, Title, Trial, note 85, citing *West Chicago Etc. R. Co. v. Groshon,* 51 Ill. App. 463; *Muldowney v. Illinois Central R. Co.,* 32 Iowa 176; *Andrew v. Mace* (Tex. Civ. App.), 194 S. W. 598.

It is self-evident that if plaintiff had stopped the operation of the mixing machine before attempting to place the paper packing in the outlet, he would not have been injured. If his failing to stop the machine was due only to the tendency of the belt to come off when the machine was stopped, in the absence of explicit and direct instructions to the contrary the jury

might well have been actuated in finding against defendant because of its negligence in not equipping its machine with a belt in such a manner and under such control that it would not slip off when the machine stopped. This negligence was not charged in the complaint and hence ought not to be considered as a basis of an award against defendant.

Defendant's requested instruction should have been given.

■ The second assignment presents the question whether the court erred in failing to give the request asking the exclusion from the consideration of the jury as a basis of recovery of the fact that the mixing machine was somewhat out of order in that the slide or spigot on the same was sprung or warped.

By reference to paragraph IV of the complaint hereinabove set out it will be noted that the allegedly warped and sprung condition of the mixing machine is alleged and there was testimony in support of that averment.

No error was committed by the learned trial judge in refusing to give the requested instruction just mentioned.

■ The third assignment submits the argument that error was committed by the trial court in not restricting the consideration of the jury to the sole question of the instructions given to the plaintiff and whether or not plaintiff was negligent in what he did in connection with the operation of said mixer as it pertained to such instructions.

There is no merit in this assignment. The request upon which it is based fails to take into consideration the question of proximate cause, comparative negligence and the amount of damages sustained, all of

which are questions which in certain aspects of the case the jury should solve.

■ The fourth assignment calls attention to the reference by the court to the alleged contributory negligence of the plaintiff as the "young boy's negligence". When defendant called the court's attention to this, the court at once addressed the jury saying:

"The Court: Yes, I will say to the jury, now that Rile Pickett, the plaintiff is not a young boy."

No error prejudicial to defendant was committed in that respect.

■■ The fifth assignment is not tenable. As to the use of the word requirements instead of instructions for the purposes of this case the two are so nearly synonymous, that no error was committed by substituting one for the other; and, besides that, the court corrected the instruction to conform to defendant's request in that particular. As to the use of every care and precaution practicable for plaintiff's protection, we think that there was evidence tending to show that defendant had not complied with this mandate of the Employers' Liability Law.

Defendant's sixth assignment of error is based upon the contention that the trial court erred in not granting a new trial. One of the grounds urged by defendant in support of his motion for a new trial was the allegedly exorbitant amount of the verdict.

Upon a new trial, the jury may not return a verdict upon which such a question will be presented and hence no good purpose can be served in discussing it.

Because of the error in failing to give the requested instruction, as above stated, the judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent herewith.

RAND, C. J., and BAILEY and ROSSMAN, JJ., concur.