Argued January 8, affirmed February 26, 1953

## FRIEL *v.* LEWIS and LEWIS

253 P. 2d 647

*Hugh B. Collins,* of Medford, argued the cause and filed a brief for appellants.

*Edward C. Kelly,* of Medford, argued the cause and filed a brief for respondent.

Before LATOURETTE, Chief Justice, and ROSSMAN, LUSK, TOOZE and PERRY, Justices.

LUSK, J.

Plaintiff recovered a judgment for $500.00 based upon the verdict of the jury in an action for money had and received. Defendants have appealed, assigning nine errors, the first two of which were expressly waived.

The third assignment of error is that the court erred in denying defendants' motion for a directed verdict. In making this assignment counsel for defendants has ignored Rule 13, 3a, of the rules of this court, which requires that a motion for a directed verdict be set out *haec verba* in the opening brief. The grounds of the motion, as submitted to the court below, are nowhere stated in either the opening or reply briefs of defendants. We therefore decline to consider the assignment, especially as the argument in support of it is in large part a highly technical attack, wholly unrelated to the merits of the case, upon the sufficiency of the complaint. Defendants did not demur to the complaint, and we would not therefore be inclined in any case to look with too favorable an eye on a belated challenge of this kind, supported though it may be by refinements of legal logic worthy of a better cause.

The case is a simple one, and in essence comes to this: Plaintiff and the defendants negotiated for the purpose of forming a partnership to engage in the business of accounting and tax service for gasoline service stations. Defendants owned certain so-called

"franchise rights" pertaining to such business, and it was agreed that plaintiff was to pay defendants $1,000.00 for a one-third interest in a partnership which the parties expected to organize. He paid $500.00, but the parties were never able to agree on the terms of the partnership and no partnership agreement was ever executed. Plaintiff's demand for return of the $500.00 was met with a refusal.

Evidence of the foregoing facts was submitted to the jury, which found that plaintiff was entitled to the return of his money. This would seem to us to be simple justice, as well as good law.

Two assignments of error directed to rulings on admission of testimony are so inconsequential as not to merit discussion. Even though the rulings complained of were to be held erroneous, they could not possibly be found to be grounds for reversal.

■ The next two assignments of error relate to two long and involved instructions upon the law of contracts. They are each featured by double negatives, which, at first blush, appear to render the instructions meaningless, but which we have ascertained, after a patient examination of the language such as no jury would ever have the opportunity to undertake, make the instructions mean exactly the opposite of what the court obviously intended to say. As elsewhere in the charge the court clearly and accurately informed the jury of the issues and the law applicable to them, it would be wrong to reverse this judgment for the giving of these instructions, which must have been incomprehensible to the lay mind. We are moved to repeat, what we have before had occasion to suggest, that instructions will better serve the purpose of aiding the jury when couched in simple language, as free as possible from legal verbiage and technical terms.

■ Finally, there are assignments of error based on two instructions relating to a separate defense and counterclaim pleaded by the defendants. Both are open to criticism, but they are not objectionable for the particular reasons assigned by counsel for defendants when taking his exceptions on the trial; and, as it is well settled that this court will not reverse for error in instructions not pointed out to the trial court, the assignments cannot be sustained.

■ The evidence shows that the defendants have received $500.00 of plaintiff's money which in equity and good conscience they should restore to him. We are of the opinion that the judgment of the court was such as should have been rendered in the case, and therefore, notwithstanding errors committed during the trial, the judgment is affirmed. Art VII, § 3, Oregon constitution.