Motion to dismiss appeal submitted August 17, motion
denied, judgment affirmed August 22, 1956

# McCARTY *v.* SEABOARD FIRE AND MARINE INSURANCE CO.

### 300 P. 2d 409

Glen McCarty and J. W. Rosacker, Portland, for the motion.

L. B. Sandblast, Portland, contra.

PER CURIAM.

The defendant has moved to dismiss the appeal on the ground that "the record on appeal is deficient to the extent that no decision can be made on the appeal for the reason that no bill of exceptions or transcript of testimony is in the record before the court."

Notice of appeal was served and filed within the statutory time, and this court therefore has jurisdiction of the cause. ORS 19.030 (3). As we have held many times, the presence or absence of a bill of exceptions is irrelevant to the question of our jurisdiction. *Williams v. Ragan,* 174 Or 328, 333, 143 P2d 209.

The motion to dismiss is therefore denied.

We have examined the record, however, and are of the opinion that the judgment order should now be affirmed. The action is to recover damages from the defendant insurance company for alleged failure to complete the repairs of a building insured by the defendant against loss by fire. A fire occurred, according to the complaint, and the insurance company exercised its option to make the repairs. There is also a claim for special damages and punitive damages. The answer is a general denial. After a trial before the court without a jury findings of fact on all issues, conclusions

of law, and a judgment were entered in favor of the defendant. No objections were made to the findings by the plaintiff nor did she request any findings. Subsequent to entry of the judgment plaintiff filed a motion for a new trial based on newly discovered evidence. Affidavits in support of the motion were filed, but, as they have not been incorporated in a bill of exceptions, they are no part of the record and cannot be considered by us. *Abercrombie v. Heckard,* 68 Or 103, 136 P 875.

■ Plaintiff has filed her combined abstract and brief which contains a single assignment of error based on the court's denial of her motion for a new trial. As the sole ground of the motion is newly discovered evidence and the evidence is not here, the assignment of error presents no question that can be determined by us. The findings support the judgment and there is no contention to the contrary. See *Sheridan v. Pac. Tel. and Tel. Co.,* 200 Or 636, 267 P2d 1104. In these circumstances it would be sheer waste of time, money and effort on the part of the defendant were it required to file a brief. It would be equally a waste of the time of a heavily burdened court for us to listen to oral argument in such a case.

The judgment is affirmed.