Argued March 11, affirmed March 25, petition for rehearing
denied May 13, 1959

# ELSTON *v.* WAGNER ET AL

337 P. 2d 326

*Howard K. Beebe,* of Portland, argued the cause for appellants. With him on the brief was Irving Korn (deceased), of Portland.

*Bruce Spaulding,* Portland, argued the cause for respondent. On the brief were John F. Butler and

Butler, Rinehart & Morrison, of Oklahoma City, Oklahoma, and Mautz, Souther, Spaulding, Denecke & Kinsey, and Wayne A. Williamson, all of Portland.

Before McAllister, Chief Justice, and Warner, Sloan and Millard, Justices.

MILLARD, J. (Pro Tempore)

This is an appeal by defendants from a judgment of the circuit court which awarded plaintiff $45,626.00 damages on account of personal injury allegedly sustained by plaintiff in an accident occasioned by the defective construction of an apparatus manufactured by defendants, known as a "mixermobile", designed to mix concrete. The machine consisted in part of a high tower built of steel tubing, the concrete being mixed at the bottom of the tower and hoisted up to the top by a mechanical lift, where the concrete is dumped into a chute. At the top of the tower is located a cage where the plaintiff, who was an employee of Foor Engineering Company, stood while he was allegedly operating levers to release the concrete into a chute, and while so doing the tower, without warning, collapsed, precipitating plaintiff to the ground, thereby proximately causing his alleged injury and damage. As specific grounds of negligence plaintiff claimed latent defects in the machine, failure to warn or inspect.

Defendants' answer is in effect a general denial except for some admissions not important here, and, in addition, contains affirmative defenses, with some of which we are here concerned. The affirmative defenses in question, in effect generally charge plaintiff's employer, Foor Engineering Company, with failure to take "proper precautions" in guying the tower

with steel cables so as to prevent it falling over, and also to lessen the strain and stress while operating the machine. On account of this, defendants say plaintiff was negligent and that such negligence proximately contributed to plaintiff's injuries.

The court removed the issue of contributory negligence, but denied a motion of the plaintiff to withdraw from the jury's consideration the purported affirmative allegations in the answer charging negligence on the part of Foor Engineering Company. This motion was based on the ground that evidence of such negligence was admissible under the general denial, and since these allegations also charged contributory negligence their submission would result in confusion.

Prior to the oral argument on appeal, defendants, who are now represented by new counsel, moved for leave to file a supplementary brief assigning as error a ruling of the court to which no exception was taken on the trial. This motion we denied. On the argument, counsel for the defendants completely abandoned the assignments of error in the brief and asked the court to notice the alleged error not excepted to, under its Rule 50, which provides as follows:

"ERRORS CONSIDERED. In appeals in actions at law no alleged error of the circuit court will be considered by this court unless regularly assigned as error in the appellant's opening brief, except that this court reserves the right to take notice of an error of law apparent on the face of the record. The objection that the circuit court had no jurisdiction of the cause, that the complaint does not state facts sufficient to constitute a cause of suit or action, or that the supreme court has no jurisdiction of the appeal, may be taken at any time." Rules of the Supreme Court, Rule 50.

The error so claimed has to do with an instruction submitted to the jury by the trial court relating to

the affirmative answer above referred to and which is as follows:

> "The burden rests upon the defendants in this case to prove negligence on the part of the plaintiff's employer, Foor Engineering Company, and that this negligence, as submitted, on the part of the Foor Engineering Company was the sole cause of the accident and the plaintiff's injuries and damages."

Defendants argue that since the burden is upon plaintiff to prove negligence and proximate cause, defendants do not have the burden of proving that the negligence of a third party was the sole cause of the accident.

■ Any fact which in effect admits the cause of action, but attempts to avoid its force and effect, must be affirmatively pleaded; but evidence which controverts facts necessary to be proved by plaintiff may be shown under a general denial. *Multnomah County v. Willamette Towing Co.*, 49 Or 204, 206, 89 P 389. See also *Brown v. Jones*, 137 Or 520, 522-4, 3 P2d 768, for reasons; *Brindle v. McCormick Lbr. & Mfg. Corp.*, 206 Or 333, 339, 293 P2d 221; *Whisnant v. Holland*, 206 Or 392, 399, 292 P2d 1087.

Since the trial court held that there was no evidence of contributory negligence, and removed that defense from the consideration of the jury, there was nothing left constituting affirmative defenses. For if it was established that the failure of plaintiff's employer, Foor Engineering Company, to take proper precautions was the sole cause of the accident, then it would follow that defendants either were not negligent or their negligence, if any, was not the proximate cause of the injury.

It thus appears that defendants are right in their contention and that the trial court committed error in giving the instruction.

While this court reserves the right to take notice of an unassigned error appearing on the face of the record, that does not mean that in such event a reversal will follow. To so hold could only result in laxity in assignment of error, taking of exceptions, preparation of brief with consequent disorderly administration of justice.

■ In the exercise of that power it should appear, first, that the error was manifest, secondly, that it probably influenced the verdict, and thirdly, that the exercise of the power is necessary in order to avoid a miscarriage of justice. *Hon v. Moore Timber Products, Inc.*, this day decided.

Since in our opinion the error was manifest on the record, we now turn to a consideration of whether it influenced the verdict and whether the exercise of the power is necessary to avoid a miscarriage of justice.

■ At the outset it should be noted that the trial court properly instructed the jury that the burden was on plaintiff to prove negligence and proximate cause and damages, as alleged in plaintiff's complaint, and also to the effect that if both defendants and Foor Engineering Company were negligent and that such combined negligence concurred as a proximate cause of the injury, defendants could be held liable and further that if the Foor Engineering Company was negligent and such negligence was the sole proximate cause of the accident, then plaintiff could not recover. A careful review of the transcript of testimony discloses that there was substantial evidence in support of all the material allegations of plaintiff's complaint as to negligence and proximate cause showing that the accident

was caused by defective welding by defendants, the weld having been painted and not visible to inspection at a critical point on the tower, which defective weld resulted in a separation at that point, causing the tower to collapse. Further, it was shown by substantial evidence including expert testimony that the metal was burned and weakened by the application of improperly controlled heat and that the metal was thereby caused to crystallize and weaken. Further, it was shown that there was paint in the crack of the weld, indicating an improper weldment and that the metal was weakened by an undercut resulting from the welding process. Further, there was testimony that the weld separated by stages, finally resulting in the collapse, defendants having submitted evidence to the contrary. On the other hand, there was evidence warranting the submission to the jury of the question of negligence and proximate cause as to care and precaution taken by Foor Engineering Company in guying the tower of the machine.

■ The facts were fully developed in the evidence. The jury were fairly and correctly instructed save in the one particular complained of. No other error is claimed. It might well be assumed that if the error had been called to the attention of the trial judge at the time it would have been corrected. Under the circumstances of this case we cannot say that the error probably influenced the verdict nor resulted in a miscarriage of justice. In these circumstances, it is not an error which this court should hold to be ground for reversal.

We have also examined the other matter presented in defendants' motion to file supplementary brief, and find it without merit.

Affirmed.