Argued April 8, affirmed April 15, petition for rehearing
denied May 13, 1959

# BOYER *v.* DAWSON

337 P. 2d 785

*H. T. Botts,* of Tillamook, argued the cause for appellant. With him on the brief was John W. Hathaway, Tillamook.

*George P. Winslow, Jr.,* of Tillamook, argued the cause for respondent. With him on the brief were Winslow and Winslow, Tillamook.

Before MCALLISTER, Chief Justice, and ROSSMAN, O'CONNELL and CRAWFORD, Justices.

CRAWFORD, J. (Pro Tempore)

This case started as a suit to foreclose a mechanic's lien in connection with the construction of a dairy barn. Defendant appealed from the resulting decree

and this court reversed for failure of the lien notice to recite an appropriate credit. *Boyer v. Dawson,* 207 Or 211, 293 P2d 739, 295 P2d 159. Thereafter the case proceeded to trial as a law action and a judgment was entered on the verdict of the jury for $4,975.76 against defendant M. L. Dawson, alone, from which this appeal is taken. Plaintiff cross-appeals from an order allowing motion for nonsuit as to the defendant Anna T. Dawson.

There are five assignments of error:

■ No. 1. The trial court erred in denying defendants' application to amend their amended answer to conform to the proof as to some half-dozen items. This request was made after plaintiff had rested. It appears defendants had knowledge of the matters involved in the proposed amendment prior to the trial. Plaintiff had suffered a disabling stroke shortly before this trial and was unable to testify. His testimony given on the trial of the equity suit was read to the jury. However, an amendment was permitted a few days prior to trial which injected payment into the case. The trial court did not abuse its discretion in denying the application to amend a second time, under the circumstances.

No. 2. The court erred in giving the following instruction:

"In this connection I instruct you that any defects in workmanship which are obvious, apparent or discoverable by an ordinary inspection would be waived by the defendants by an acceptance of the work.

"Imperfections in the matter of detail which do not constitute deviation from the general plan contemplated for the work and do not enter in the substance of the contract, do not prevent the per-

formance from being regarded as substantial performance.

"Where the work or materials is under the inspection of the owner, during its progress, if the builder is not complying with the contract, it is the duty of the owner to object to such work or materials as obviously do not comply with the contract, and on the owner's failure to do so, the owner cannot, after the work is completed, claim that the work or materials were not in accordance with the contract."

■ It is argued that in the absence of a plea of waiver it was error to so instruct, citing *Robinson v. Knight,* 88 Or 516, 172 P 116; *First National Bank v. Allen,* 106 Or 190, 211 P 913; *Waller v. City of New York Ins. Co.,* 84 Or 284, 164 P 959. There is no contention the instruction is not a correct statement of the law. See *Spokane County v. Pacific Bridge Co.,* 106 Or 550, 213 P 151; *Seaside v. Randles,* 92 Or 650, 180 P 319; *Friel v. Lewis,* 197 Or 440, 253 P2d 647. As stated, the objection goes only to the failure to plead waiver. Under the circumstances we consider the Friel case applicable. Further, we note no exception was taken to the giving of the now challenged instruction clearly advising the trial judge defendants criticized the same on the ground of failure to plead waiver. That exception was as follows:

"Then I think we will except to that part of the instruction given by the court to the effect that if, in carrying out the contract, materials were used which were not in accordance with the provisions of the contract that unless the defendant objected to it he would have been held to have waived that."

The attention of the trial court was not directed to the specific point now raised, i.e., the failure to plead waiver. Further, plaintiff contends that the in-

struction of which a part is quoted above did not involve "waiver"; that the issue was substantial performance and that four questions were submitted to the jury, the second of which, reads: "* * * did the plaintiff Boyer substantially perform his part of that agreement?" We conclude there was no error.

■ No. 3.  The trial court erred in instructing the jury that the burden of proof was upon the defendant to establish payment and "that any such payments made by defendants were made under such conditions as to require plaintiff to apply any such payments upon the contract price for the construction of said barn." This was a correct statement of the law. ORS 41.240. Having alleged payment, the burden was on defendants to prove payment and such application as would be applicable to the debt. *Light v. Stevens,* 159 Cal 288, 113 P 659; *Martin v. Pridil,* 186 Okla 27, 95 P2d 853; *Redwine v. Rohlff Lbr. Co.,* 54 Wyo 253, 91 P2d 49; 40 Am Jur 895, Payment, Section 281, point 7; 48 CJ 685-6; 70 CJS 303, Payment, Section 97.

■ No. 4.  Error is assigned to the admission in evidence of Exhibits 5 and 6. They relate to other construction work performed by plaintiff for defendants and amounts charged for the same. They were competent and relevant to the issue of barn account payment alleged by defendants. No error.

No. 5.  Error in admitting Exhibit No. 7, picture of a house built by plaintiff. No error.

As to plaintiff's cross-appeal, we are satisfied the evidence failed to indicate liability so far as Anna T. Dawson is concerned. We find no error.

Affirmed.