Argued September 8, affirmed October 26, 1960

# STAGE *v.* ST. PIERRE
356 P. 2d 432

*David Williams,* Portland, argued the cause for appellant. On the briefs were Williams & Alley, Portland.

*Cleveland C. Cory,* Portland, argued the cause for respondent. With him on the brief were Hart, Rockwood, Davies, Biggs & Strayer, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin, and King, Justices.

PERRY, J.

This is a malpractice action brought by the plaintiff, a patient, against the defendant, a physician, for damages to plaintiff's person, alleged to have been caused by defendant's negligence.

The jury returned a verdict for the defendant and the plaintiff appeals.

The questions presented for consideration on appeal are whether or not the trial court erred in the giving of certain instructions to the jury and in denying plaintiff's motion for a new trial.

The plaintiff's motion for a new trial is based upon an affidavit of a woman juror that a third party contacted her and, in effect, advised her the plaintiff's

injuries were not as severe as plaintiff claimed them to be. Counter affidavits were filed by the defendant.

■ We are not in a position to review this assignment of error for the reason that the motion for a new trial and the evidence in support thereof was not made a part of the bill of exceptions. *McCarty v. Seaboard F. & M. Ins. Co.*, 208 Or 238, 300 P2d 409.

The plaintiff assigns error in the giving of the following instruction:

> "There is no presumption in this case that Doctor St. Pierre was negligent or guilty of malpractice in the treatment of the plaintiff, Joseph T. Stage. On the contrary, *the law presumes that he was not negligent and that during all of the times complained of defendant acted with due care,* that is, in accordance with the standards of good medical and surgical practice prevailing in the City of Portland, Oregon. This presumption of law *is evidence* in Doctor St. Pierre's favor. It remains with him throughout the trial or until such time, if ever, as positive testimony and evidence in the case may convince you to the contrary." (Italics supplied)

to which the following exception was taken:

> "At one point, and rather early in the series of presumptions or instructions, the Court referred to the presumption of an absence of negligence and described that as being a presumption of law, when it is nothing more than a rebuttal presumption of fact. Because of the misdescription of the presumption, plaintiff excepts to that instruction."

In *Dorn v. Clarke-Woodward Drug Co.*, 65 Or 516, 520, 133 P 351, this court, in construing the disputable presumption "a person is innocent of crime or wrong" (§ 799, LOL, now ORS 41.360), held the word "wrong" as used therein includes the commission of a tort. The plaintiff, however, argues that this "innocence of

wrong" should be circumscribed so as to include only an intentional tort. We cannot share plaintiff's view.

Any tortious conduct is wrongful whether done intentionally or negligently, and the law permits redress for that wrong in a civil action by the injured party. That the word "wrong," as used in the statute, has included negligent as well as intentional acts has been the accepted view of this court for many years. This view is attested by the fact that in cases before us we have considered the question of whether or not the failure to give a requested instruction on the presumption of freedom from negligence is or is not error. Where the presumption has equal application to the conduct of both parties, it is not reversible error to refuse to give a requested instruction when the requested instruction is so phrased as to appear applicable to the conduct of but one of the parties. *Wiebe v. Seely, Administrator*, 215 Or 331, 335 P2d 379. On the other hand, it is definitely established that the failure to give such an instruction is reversible error when it applies to the conduct of but a single party. *Fowler v. Courtemanche et al.,* 202 Or 413, 274 P2d 258.

Presumptions in this state have probative value and do not necessarily disappear from the case when evidence is offered in opposition thereto, but only when the evidence to the contrary has overcome the presumption. *Wiebe v. Seely, Administrator,* supra; *Wyckoff v. Mutual Life Ins. Co.,* 173 Or 592, 147 P2d 227; *Bunnell v. Parelius,* 166 Or 174, 111 P2d 88. If this presumption was procedural, as may be an inference, only for the purpose of requiring a party to introduce some evidence to establish a prima facie case and avoid a nonsuit, then, as soon as some evidence had been introduced contrary to the presump-

tion, the presumption would disappear and error could not be predicated upon the failure of the trial court to instruct. It would only be necessary for the trial court to instruct on the burden of proof. *Ritchie v. Thomas et al.,* 190 Or 95, 224 P2d 543.

While the instruction is not entirely correct, it is correct in stating that the defendant is presumed not to have been negligent and that this presumption may be overcome by evidence to the contrary.

■ The plaintiff, for the first time, contends on appeal that the instruction as given is erroneous in other particulars than those called to the trial court's attention. We do not believe that errors now claimed are so serious that we can say the plaintiff did not have a fair trial. Therefore, we will not discuss them. *Davis v. Angell et al.,* 218 Or 443, 345 P2d 405; *Galer v. Weyerhaeuser Timber Co., et al.,* 218 Or 152, 344 P2d 544; *Boyer v. Dawson,* 216 Or 393, 337 P2d 785.

The plaintiff also cites as reversible error the following instruction given by the trial court:

> "To aid you in finding on the issue whether defendant was guilty of malpractice, there are a few discriminations that you should have in mind. The law does not require of a physician and surgeon perfection, nor prophetic insight, nor infallible judgment; nor does it condemn him simply because his efforts prove unsuccessful. The difficulties and uncertainities in the practice of medicine and surgery, the unpredictable variations in response to treatment, are such that no practitioner can guarantee results, nor is he obliged to guarantee results."

The exception taken is as follows:

> "At one point in the Court's instructions, it stated it would draw certain discriminations in

describing the duty of care, or standard of care expected of a physician, and the matter that followed was so negatively stated that it is plaintiff's opinion that it was not fairly stated to the jury; the emphasis toward what the duty of care was not, than what the duty of care was."

■ The purpose of instructions is to enlighten the members of the jury as to their duties and as to the law which they are to apply to the ultimate facts as they find them. Therefore, the instructions given should be clear and understandable so as to leave no ground for misapprehension. *Pickett v. Gray, McLean & Percy*, 147 Or 330, 31 P2d 652.

■ The instruction objected to is a paragraph taken from an instruction which first set forth the affirmative duties of a physician toward a patient. Considered in context, the portion objected to is cautionary in nature and discloses to the jurors the distinction between a physician's duty to exercise skill and care, which if absent creates liability for an unfortunate result, and an unfortunate result for which the law creates no liability if the duty has been performed. It was clearly within the discretion of the trial court to determine whether or not this cautionary instruction should be given to the jury in this case. *Bronkey v. Olson*, 145 Or 662, 28 P2d 243.

■ The plaintiff also contends that the trial court committed reversible error by repetitiously referring to "proximate cause," and in so doing gave to this issue undue emphasis and confused the jury.

We have carefully reviewed all of the instructions given by the trial court and find no merit in this assignment of error.

The plaintiff also contends the trial court com-

mitted prejudicial error in giving the following instruction:

"If you find by a preponderance of satisfactory evidence that the defendant was careless and negligent in any manner set forth in plaintiff's complaint as submitted for your consideration, bearing in mind the Court's instructions regarding the standard to be applied in this case, and further find that such negligence, if any, was the proximate cause of plaintiff's injuries and damages, your verdict would be for the plaintiff."

Although the trial court did not define "satisfactory evidence" in terms of the statute (ORS 41.110), the plaintiff argues that the use of the word "satisfactory" would convey to the jury that they must be convinced to a moral certainty.

While we are of the opinion that the better practice is not to use the word "satisfactory," this exact contention was determined adversely to the plaintiff in *Stewart v. Pulido,* 223 Or 136, 354 P2d 298.

There being no reversible error, the judgment is affirmed.