Argued October 12, affirmed December 13, 1961, petition for
rehearing denied January 23, 1962

# DUNKELBERGER v. AMERICAN MAIL
# LINE, LTD.

367 P. 2d 398

[ 1 ]

*K. C. Tanner,* Portland, argued the cause and filed a brief for appellant.

*William F. White,* Portland, argued the cause for respondent. On the brief were White, Sutherland & White, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and BRAND, Justices.

BRAND, J.

Plaintiff, a seaman, sues the defendant, American Mail Line, Ltd., as owner and operator of the SS American Mail, a merchant vessel, and seeks general and special damages suffered by reason of the alleged negligence of the defendant and the alleged unseaworthiness of the vessel. There was a verdict and judgment for defendant, and plaintiff appeals.

The complaint alleges that the plaintiff was ordered to assist in raising the booms aboard the vessel and that while working pursuant to said order and while assisting in placing the topping lift wire around a cleat, due to the negligence of the defendant, and the unseaworthiness of the vessel, he was suddenly struck by the wire and injured. The only specification of negligence is

> "in failing to provide plaintiff with a safe place in which to work in that the wire with which the plaintiff was required to work was old, worn and kinky when the defendant knew, or in the exercise of ordinary care should have known that the condition of said wire created a grave and imminent

hazard to persons working with said wire line and particularly the plaintiff herein."

The specification of unseaworthiness is simply that "the aforementioned wire line was old, worn and kinky."

The answer denies the allegations of negligence and unseaworthiness and alleges that the injury, if any, was caused by plaintiff's own negligence, specifying it, and that plaintiff breached his own warranty to defendant that he was a qualified seaman. The reply is a general denial.

At the close of the evidence the defendant moved for a directed verdict, which motion was denied, but the court withdrew from the jury the allegations of negligence because there was a "failure to show either constructive or actual notice as a part of a negligence charge." The case was submitted to the jury on the issue of unseaworthiness, with the resultant verdict for defendant on that issue.

Rule of Procedure No. 18 B of this court provides that the appellant's brief shall set forth:

"A brief statement, without argument and in general terms, of the question or questions presented for decision on appeal."

Pursuant to Rule 18 B, supra, the plaintiff, in his brief, made the following statement:

"The question presented for decision on plaintiff's appeal is the propriety of the trial court's denial to the plaintiff of a right conferred upon seamen by the Congress of the United States to maintain an action for injuries caused by the negligence of his employer."

Again, we quote from the brief, the only assignment of error:

## "ASSIGNMENT OF ERROR

"The court erred in withdrawing from the jury the issue of negligence."

Thus it is clear from plaintiff's own brief that the sole question for review by this court is the propriety of the order withdrawing from the consideration of the jury the issue of negligence. Our problem therefore is to decide whether that issue should have been submitted to the jury and, or, whether refusal so to submit it could be, or was, prejudicial to the plaintiff. If the issue of negligence had been submitted to the jury under the pleadings, it would have been necessary to prove that the three-fourths inch steel wire was "old, worn and kinky," and that such condition proximately caused the injury to plaintiff's wrist. Other material elements of a negligence case would also have required proof, namely, that defendant knew or in the exercise of reasonable care, should have known, of the alleged condition of the wire.

■ On the issue of unseaworthiness, which was submitted to the jury, the court instructed the jury that before the plaintiff could recover there must be proof that the ship was unseaworthy "as claimed by Mr. Dunkelberger in his complaint * * * in that the aforesaid wire line was old, worn and kinky. * * *" The court also explained that unseaworthiness is a species of liability without negligence. The duty was, he said, to provide a reasonably suitable topping lift wire. Thus, under any theory, proof that the wire was old, worn and kinky, and that such condition caused the injury to plaintiff's wrist, was indispensable to recovery.

In *McAllister v. Magnolia Petroleum Co.*, 357 US 221, 2 L ed2d 1272, the court said:

> "But if the seaman is to sue for both unseaworthiness and Jones Act negligence, he must do so in a single proceeding. That is a consequence of this Court's decision in Baltimore S.S. Co. v. Phillips, 274 US 316, 71 L ed 1069, 47 S Ct 600, which held that these claims were but alternative 'grounds' of recovery for a single cause of action. A judgment in the seaman's libel for unseaworthiness was held to be a complete 'bar' to his subsequent action for the same injuries under the Jones Act." 2 L ed2d at 1276.

It follows that when the jury found for the defendant, they determined an issue of fact which conclusively established that defendant was not negligent, since there could be no negligence without an affirmative finding on the one issue which was a material element of proof on both negligence and unseaworthiness, which were "but alternative 'grounds' of recovery for a single cause of action." How then could the withdrawal of the issue of negligence in this particular case have been prejudicial to the rights of the plaintiff? Perhaps there may be cases in which the allegations of negligence do not depend on proof of the identical charge on which the claim of unseaworthiness is based, but, under the pleadings in this case, the finding by the jury that the equipment was not unseaworthy, i.e., that the steel wire was not "old, worn and kinky" and hazardous, or that such condition, if any, did not cause the injury to plaintiff's wrist, amounts to a finding by the trier of the facts that the sole condition on which alone negligence was predicated, did not exist. Under the circumstances, the question as to what the defendant knew or should have known about the propensities of a three-fourths inch

steel cable is inseparably connected with the question as to what those propensities in fact were. If the cable was not old, worn and kinky and hazardous, then there was nothing which the defendant knew or should have known which would be relevant on the issue of negligence.

Unless we upset the verdict of the jury, we can find no reason for granting a new trial to permit further inquiry as to whether the defendant knew or should have known that the wire was "old, worn and kinky" when we already know, by a finding of the jury, that it was not.

There are, as plaintiff asserts, many cases upholding the right of seamen to sue under The Jones Act for injuries due to the employer's neglect in respect to appliances and equipment. See, 46 USCA, § 688, and notes; 45 USCA, § 51, et seq.; *Lazzari v. States Marine Corp.*, 220 Or 379, 349 P2d 857 (discussed in *Gentry v. States Steamship Company*, decided this day); *Allan v. Oceanside Lumber Co.*, 214 Or 27, 328 P2d 327; *Michalic v. Cleveland Tankers, Inc.*, 5 L ed2d 20 (Nov 1960). That right is not questioned. The question here is whether prejudicial error was committed under these peculiar circumstances.

The case of *Poignant v. United States*, 225 F2d 595, though clearly distinguishable, does throw light on this case. A stewardess sued for injuries when she stepped on an apple skin in a passageway. She relied on negligence and on unseaworthiness. The trial court, as in the case at bar, found that defendant had no notice of the condition, actual or constructive, and held against the plaintiff on the negligence issue. On appeal this ruling was approved. The trial court also held that the defendant "could not be held to have breached its warranty of seaworthiness." At this point

the distinction between Poignant and the pending case becomes apparent.

In the pending case, under our procedure, the jury decided the issue. In *Poignant v. United States* the trial judge made that decision. On appeal it was held that there was some evidence of unseaworthiness involving questions of credibility which were for the determination of the trial judge, so the case was remanded on the issue of unseaworthiness alone. The court said, "that standard is not perfection but reasonable fitness." The application of such a standard to confused and conflicting evidence is clearly for the jury in a state case. 46 USCA, § 688. Had *Poignant v. United States* been tried in an Oregon court the finding by a jury against plaintiff on the issue of unseaworthiness would have been upheld.

Plaintiff relies upon *Michalic v. Cleveland Tankers, Inc.*, supra, where plaintiff sued for personal injuries sustained when he dropped a wrench on his left great toe. This case also originated in a federal court. Plaintiff claimed negligence and unseaworthiness. The trial court directed a verdict for the defendant on both issues on the ground of insufficiency of evidence. The court of appeals affirmed. On certiorari the Supreme Court said:

> "The basic dispute between the parties is as to the sufficiency of the proofs to justify the jury's finding with reason that respondent furnished Michalic with a wrench which was not reasonably fit for its intended use. * * *"

The court then distinguished between liability for unseaworthiness and liability for negligence. " 'One is an absolute duty, the other is due care. * * *' " See, comments on this case in *Gentry v. States Steamship*

*Company,* supra. On examining the testimony, the Supreme Court held that there was some circumstantial evidence, both of negligence and of unseaworthiness, and the judgment was reversed for a new trial. This case gives no aid to plaintiff. The error, if any, was in taking the issues from the jury. In the pending case the determining issue was submitted to and decided by the jury.

In *Jenkins v. Roderick,* 156 F Supp 299, 300, the court said:

"* * * While it is true that an adverse judgment on an unseaworthiness count would constitute *res judicata* on a Jones Act count for the same injury, (See Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 324, 47 S.Ct. 600, 71 L.Ed 1069) the reverse is not true. * * *"

The ruling was explained thus:

"* * * When, as at bar, a seaman's injury is alleged to be due to a defective apparatus, to succeed on either the Jones Act or the unseaworthiness count plaintiff must prove (1) the defect, (2) its causal connection with plaintiff's injury, and (3) the extent of plaintiff's damages. In the Jones Act count he must go further and show defendant knew or should have known of the defect. * * *" 156 F Supp 299, 300.

If a judgment of seaworthiness would be res judicata in a subsequent action for negligence, it should logically follow that a verdict declaring the ship seaworthy should bar a new trial on negligence.

Our holding is not against the right of plaintiff to sue for negligence. It is that a material element on the negligence issue was decided by the jury and against the plaintiff when they found that the equip-

ment was reasonably fit, or that if unfit, it was not the proximate cause of the injury.

Plaintiff seeks to evade this conclusion by asserting that the jury was permitted to consider the question of the vessel's unseaworthiness under what appellant believes to be an erroneous concept of the doctrine of "seaworthiness." Plaintiff then refers to an instruction by which the court told the jury that "a ship is not unseaworthy where a defect is such that the defect can be remedied on the spot, in a short time by materials that are available."

Plaintiff relies on *Crumady v. The J. H. Frisser,* 358 US 423, 3 L ed2d 413, in which a ship was found unseaworthy. There was no discussion of rules announced in the criticized instruction, but counsel argues that in the Crumady case the unseaworthy condition could have been remedied "on the spot in a short time by materials that were available."

■ We decline the invitation to consider the correctness of any of the instructions given on the issue of unseaworthiness. We have already pointed out that, pursuant to Rule 18 B of this court, quoted supra, the plaintiff indicated that the only question presented was the denial of the right to maintain an action for injuries caused by the "negligence of his employer." Again, plaintiff made a single assignment of error, the "withdrawal of the issue of negligence." Our rules provide that:

"Each assignment of error shall be clearly and succinctly stated under separate and appropriate headings.   *   *   *

"The arrangement and wording, so far as applicable, together with reference to page of the transcript or narrative statement, shall conform to illustrations in Appendix B." Rule 19, Rules of Procedure, Supreme Court of the State of Oregon.

Appendix B provides the form of assignment to be made in case of an erroneous instruction, as follows:

"Illustration 5

"The court erred in giving the following instruction: Set out instruction and objection made thereto, both haec verba;"

There was no compliance with these rules.

Plaintiff relies upon the power given this court by Rule 46, which reads as follows:

"ERRORS CONSIDERED

"In appeals in actions at law no alleged error of the circuit court will be considered by this court unless regularly assigned as error in the appellant's opening brief, except that this court reserves the right to take notice of an error of law apparent on the face of the record."

The decisions of this court strictly limit our consideration of error to those assigned in accordance with our rules, with a single exception. The general rule is stated in the following cases: *Barbour v. Suchy,* 217 Or 34, 340 P2d 951; *Pokorny v. Williams,* 199 Or 17, 260 P2d 490; *Mumper v. Matthes,* 186 Or 358, 206 P2d 86; *Kiddle v. Schnitzer et al,* 167 Or 316, 114 P2d 109, 117 P2d 983. The exception is found in Rule 46. We have held that:

"While this court reserves the right to take notice of an unassigned error appearing on the face of the record, that does not mean that in such event a reversal will follow. To so hold could only result in laxity in assignment of error, taking of exceptions, preparation of brief with consequent disorderly administration of justice.

"2. In the exercise of that power it should appear, first, that the error was manifest, secondly,

that it probably influenced the verdict, and thirdly, that the exercise of the power is necessary in order to avoid a miscarriage of justice. Hon v. Moore Timber Products, Inc., this day decided." *Elston v. Wagner, et al,* 216 Or 386, 391, 337 P2d 326.

In the pending case there are especial reasons for declining to consider the various instructions given on seaworthiness. In the first place, the omission of an assignment of error in respect to the instruction given was deliberate on the part of the plaintiff. In his reply brief, the plaintiff said:

"* * * It is true, as argued by respondent, that the exception taken by Mr. McCarroll at the trial was to the effect that the instruction was abstract * * *. It was a misstatement of the law. For this reason no assignment of error was made based upon the giving of this instruction. * * *"

We think the instruction was abstract. There was no testimony at the trial tending to prove that the defect, if there was one, could have been remedied "on the spot, in a short time and by materials available." Nor do we find that the plaintiff made any such claim. When counsel for the plaintiff took exception to the instruction he conceded that it was not relevant to any evidence when he told the court that the instruction was "abstract."

It is sheer speculation on the part of plaintiff to argue that "It was probably the court's instruction * * * to which an exception was taken that accounts for the verdict for the defendant in this case. * * *" The verdict was that the equipment was seaworthy, as indicated by the report of the foreman when the jury returned for further instructions. He then announced that the majority of the jury believe that the ship is seaworthy. Neither pleading nor proof showed that

the alleged defect which the jury found did not exist was one which could have been remedied on the spot, in a short time and by materials available. Being abstract, we cannot assume that the instruction caused the jury to return the verdict for defendant. Furthermore, whether abstract or not, the exception taken informed court and opposing counsel that the exception was taken for the reason that it was abstract. Assuming, contrary to fact, that the defendant had presented a contention that the defect, if any, could have been remedied "on the spot, in a short time and by materials available," the exception taken by plaintiff gave the court no notice of any such contention, and in fact, indicated that plaintiff did not consider that there was any such issue in the case. Plaintiff cannot now claim prejudicial error.

We find no good reason for invoking the discretionary power to consider alleged errors which have not been assigned.

Judgment of the lower court is affirmed.