Argued October 30, affirmed November 6, 1963

# STATE OF OREGON *v.* WILLIAMS
### 386 P. 2d 461

*Albert H. Ferris,* Eugene, argued the cause and submitted a brief for appellant.

No appearance for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

O'CONNELL, J.

This is an appeal from a judgment of conviction for the crime of contributing to the delinquency of a minor. ORS 167.210.[1]

The indictment charged that defendant "did * * * wilfully and unlawfully furnish [the named minor] intoxicating liquor in the form of schnapps and beer which act of furnishing said intoxicating liquor did then and there manifestly tend to cause said child to become a delinquent child * * *."

The evidence established that defendant furnished intoxicating liquor to two boys, both minors. One of the boys testified that after furnishing them with

---

[1] ORS 167.210 provides:

"When a child is a delinquent child as defined by any statute of this state, any person responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, or any person who by threats, command or persuasion, endeavors to induce any child to perform any act or follow any course of conduct which would cause it to become a delinquent child, or any person who does any act which manifestly tends to cause any child to become a delinquent child, shall be punished upon conviction by a fine of not more than $1,000, or by imprisonment in the county jail for a period not exceeding one year, or both, or by imprisonment in the penitentiary for a period not exceeding five years."

liquor defendant made sexual advances toward him. It is contended that the trial court's refusal to sustain defendant's objection to the evidence of sexual misconduct is reversible error. Defendant argues that since the indictment charges only the furnishing of liquor to a minor as the act tending to cause delinquency, the state cannot put into evidence others acts of misconduct by defendant unless such acts aid in the proof that the furnishing of liquor tended to cause the minor to become delinquent.

Although defendant contends that motive is not material to the crime, he concedes that the evidence of sexual misconduct in this case would be relevant to prove defendant's motive in furnishing liquor to the minors. He argues, however, that the indictment did not apprise him of this aspect of the charge and thus deprived him of an opportunity to prepare an adequate defense. He further contends that the evidence was of a kind calculated to incite prejudice in the minds of the jurors and should have been excluded under the principle that evidence having a minimum of probative value and which is highly prejudicial is inadmissible.

■■ We are of the opinion that the evidence was properly admitted. We have held that the crime of contributing to the delinquency of a minor is not made out simply by showing that the defendant furnished intoxicating liquor to a minor. The state must show that in the particular case the furnising of liquor would tend to cause the child to become delinquent. *State v. Gordineer,* 229 Or 105, 366 P2d 161 (1961); *State v. Stone,* 111 Or 227, 226 P 430 (1924). This does not mean that the state must show that the minor did in fact become delinquent as a result of defendant's conduct; it is enough if it is shown that defendant's con-

duct manifestly tended to cause the child to become delinquent.[⊗]

Whether defendant's conduct has this effect may depend simply upon the setting in which the liquor is furnished. Thus if a child, along with other guests, were served a glass of table wine at a dinner, the jury could find that such conduct on the part of the host would not tend to cause the child to become delinquent. On the other hand, where the defendant furnishes liquor to a child knowing that it is to be drunk for the purpose of feeling the influence of an intoxicant, nothing more need be shown to make out the crime of contributing to the delinquency of a minor. But the act of furnishing intoxicating liquor to a minor may tend to contribute to his delinquency in many ways other than simply causing him to become intoxicated. It is common knowledge that the influence of liquor may cause a child to steal, to destroy the property of others, to make unprovoked assaults on others, to drive automobiles dangerously, and to engage in a host of other delinquencies.

■ It is not necessary that the indictment recite the particular delinquency which resulted from the defendant's conduct in furnishing liquor to the minor. That is a matter of proof at the trial. If the state has evidence showing how other misconduct on the part of the child or on the part of the defendant flowed from the act of furnishing the child with liquor, the state is entitled to present that evidence. And as we

---

[⊗] State v. Dunn, 53 Or 304, 99 P 278, 100 P 258 (1909); Smithson v. State, 34 Ala App 343, 39 So2d 678 (1949); People v. Calkins, 48 Cal App2d 33, 119 P2d 142 (1941); People v. Kinser, 99 Cal App 778, 279 P 488 (1929); People v. Cohen, 62 Cal App 521, 217 P 78 (1923); People v. Brosnan, 361 Ill 545, 198 NE 708 (1935); People v. Klyczek, 307 Ill 150, 138 NE 275 (1923).

have frequently said, the state is entitled to prove its case "to the hilt."

■ An assignment of error was directed at an instruction which informed the jury that it is a violation of the law for a minor to have alcoholic liquor in his possession. Assuming that the court erred in giving the instruction, defendant did not take exception to it. An erroneous instruction not excepted to is not ground for reversal unless reversal is necessary to avoid injustice.[9] We do not think the error was serious enough to warrant reversal.

The judgment of the lower court is affirmed.

---

[9] Elston v. Wagner, 216 Or 386, 337 P2d 326 (1959); Friel v. Lewis and Lewis, 197 Or 440, 253 P2d 647 (1953); Whitehead v. Montgomery Ward & Co., 194 Or 106, 239 P2d 226 (1952).