*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-461

NOVEMBER TERM, 2011

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Rutland Unit, |
| | } Criminal Division |
| | } |
| Edward L. Everett | } DOCKET NO. 654-4-09 Rdcr |

Trial Judge: Thomas A. Zonay

In the above-entitled cause, the Clerk will enter:

Defendant appeals his convictions for assault and robbery with a dangerous weapon and contributing to the delinquency of a minor. On appeal, he argues that the evidence was insufficient to sustain a conviction for contributing to the delinquency of a minor and that the court committed plain error in instructing the jury on assault and robbery. We affirm.

The charges stemmed from the robbery of a gas station convenience store. The following facts were presented at trial. At the time of the robbery, defendant lived with his wife and his stepdaughter. Defendant had previously worked at the Mobil Station that was the target of the robbery. The store clerk testified that at around 11 p.m. he was exiting the store bathroom, when a husky individual wearing a ski mask and a yellow and black coat entered. The individual displayed a gun and asked for money and a box of cigarettes, which the clerk placed in a paper bag. The individual then walked out the door and across the street. The clerk called the city police and his manager. A police officer responding to the call passed a vehicle going in the opposite direction from the gas station and recorded the license plate.

The license plate was registered to a neighbor of defendant. The neighbor testified that defendant and his wife often borrow the neighbor's vehicle and had done so on the night of the robbery. That evening, when defendant's wife took the car, the neighbor saw defendant and his stepdaughter waiting outside. Defendant was wearing a yellow and black coat. The neighbor confirmed that the man in the surveillance video was wearing a coat like defendant's.

The stepdaughter also testified. She heard her mother and stepfather talking about robbing the Mobil station, discussing their need for money and the fact that her stepfather had worked there and knew when there would be cash on hand. In the evening, the three went shopping, and defendant asked his stepdaughter to buy him some gloves and a ski mask—items that he later wore during the robbery. The stepdaughter testified that they later borrowed the neighbor's car. Defendant asked her to drive, but she declined and rode in the backseat to the store. She waited in the car with her mother until defendant returned with the money.

Defendant's wife also testified. She stated that she and defendant decided to rob the Mobil because they needed money and defendant knew the routine there. They borrowed the neighbor's car, and she and her daughter waited while defendant went inside. Upon returning home, they put all of defendant's clothes in a garbage bag. Eventually, she brought this bag to her mother's house. Her mother testified that there was a handgun, a yellow and back coat, a pair of gloves, and a ski mask in the bag. She threw the gun in a creek and donated the remaining items to charity.

At the close of the State's case, defendant moved for judgment of acquittal on both counts. As to the delinquency count, defendant argued that the State's evidence failed to establish that the minor committed a delinquent act. The motion was denied. Defendant did not renew his motion at the close of the evidence or post-judgment. Defendant testified and denied committing the robbery. He testified that his wife and stepdaughter wore the yellow and black coat at times. He claimed he was at home and then at a friend's house on the evening of the robbery.

The court instructed the jury, and defendant did not object to the instructions. The jury returned guilty verdicts on both counts. Defendant now appeals.

First, we consider defendant's claim that he was entitled to acquittal on the contributing-to-the-delinquency-of-a-minor charge because this count requires that the minor commit a delinquent act and the evidence did not support this. The standard for judgment of acquittal under Vermont Rule of Criminal Procedure 29 is "whether the evidence, when viewed in the light most favorable to the State and excluding any modifying evidence, fairly and reasonably tends to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." State v. Prior, 174 Vt. 49, 53 (2002) (quoting State v. Couture, 169 Vt. 222, 226 (1999)). Although defendant moved for acquittal at the close of the State's case, he failed to preserve this argument for appeal because he did not renew his motion at the close of the evidence or in a post-verdict filing. See State v. Crannell, 170 Vt. 387, 407-08 (2000), overruled on other grounds by State v. Brillon, 2008 VT 35, 183 Vt. 475. Therefore, we consider only whether the court was required to grant acquittal by its own motion, which is only the case if "the evidence is so thin that a conviction would be unconscionable." State v. LaFlam, 2008 VT 108, ¶ 4, 184 Vt. 629 (mem.).

The statute at issue prohibits a person from "caus[ing], encourag[ing], or contribut[ing] to the delinquency of a minor." 13 V.S.A. § 1301. Defendant argues that it was necessary for the State to demonstrate that the juvenile actually committed a delinquent act in order to prosecute him under the statute. In support, defendant cites Commonwealth v. Santos, 715 N.E.2d 455, 457 (Mass. App. Ct. 1999). In Santos, the defendant was charged with contributing to the delinquency of a minor for assisting a child in running away from home, and the court entered a judgment of not guilty because running away was not a delinquent act. The court explained that the crime of contributing to the delinquency of a minor required an "act by a child sufficient to support an adjudication of delinquency." Id. at 457. Santos is distinguishable from this case because here the State did identify a delinquent act—aiding in the commission of a robbery—that it alleged defendant had caused or encouraged his stepdaughter to perform.

Furthermore, the majority view is that it is not necessary for the state prove that the minor actually committed the delinquent act because these statutes are intended to prohibit acts tending

to corrupt children and not merely to punish successful corruption. See, e.g., Senf v. State, 622 So. 2d 435, 440 (Ala. Crim. Ct. App. 1993) (noting that Alabama "subscribes to the majority view that a defendant may be convicted of contributing to the delinquency of a child regardless of whether the child actually commits a delinquent act" because the statute is "intended to protect children from persons who would seek to aid, encourage, cause, or induce them to become delinquent, as well as to punish the persons who succeed in those aims."); State v. Williams, 386 P.2d 461, 462 (Or. 1963) (en banc) (explaining that state need not show minor became delinquent as a result of defendant's conduct, but that defendant's conduct "manifestly tended to cause the child to become delinquent"). See generally J. Bock, Annotation, Criminal Liability for Contributing to Delinquency of Minor as Affected by the Fact that Minor has not Become a Delinquent, 18 A.L.R. 3d 824, § 2 (1968) (noting the majority view). Looking at the plain language of the statute, which punishes one who "causes, encourages, or contributes to the delinquency of a minor," 13 V.S.A. § 1301, we agree with the majority view that the juvenile need not commit a delinquent act for the defendant to be convicted. See State v. O'Dell, 2007 VT 34, ¶ 7, 181 Vt. 475 (construing statutory language requires looking first at plain, ordinary meaning). The focus of the statute is on the defendant's actions, and he may be punished for encouraging a delinquent act, even if one does not result.

Here, defendant's stepdaughter testified that within her hearing defendant planned the robbery, explaining the robbery's motive and the likelihood of money on hand at a particular time. She also testified that defendant asked her to buy gloves and a ski mask for him and requested that she drive him to the site of the robbery. In addition, she accompanied defendant and her mother to the scene of the robbery. This evidence was sufficient for a reasonable trier of fact to conclude that defendant encouraged her to aid in the robbery and therefore that he contributed to the delinquency of a minor. Thus, the court was not required to grant acquittal on its own motion.

Defendant next argues that the court's instruction on assault and robbery with a deadly weapon was confusing and misleading. We review jury instructions as a whole and will reverse "only when the entire charge undermines confidence in the verdict." State v. Carpenter, 170 Vt. 371, 374-75 (2000). Because defendant failed to object to the jury instruction, his argument is reviewed for plain error. See V.R.Cr.P. 30 (explaining that party must object before the jury retires to preserve assignment of error); State v. Erwin, 2011 VT 41, ¶ 19. "Error will be assigned only when the entire charge undermines our confidence in the verdict, and only in extraordinary cases will we find plain error." State v. Brooks, 163 Vt. 245, 250 (1995).

Defendant argues that the instructions failed to define adequately the assault element of the charge. Defendant was charged with assault and robbery under 13 V.S.A. § 608, which incorporates the elements of the assault statutes. State v. Francis, 151 Vt. 296, 306 (1989); see 13 V.S.A. § 1023(a)(3) (defining assault to include "attempt[ing] by physical menace to put another in fear of imminent serious bodily injury"). The court instructed the jury on the elements of the charge, including defining the essential element that defendant "purposely placed [the clerk] in fear of imminent serious bodily injury by displaying a gun." However, when the court was defining the required mental state, it instructed the jury that defendant "acted purposely if it was his conscious objective to place [the clerk] in fear of bodily injury." Defendant claims that the omission of the requirements that the threatened injury be imminent and serious was plain error because it allowed the jury to convict defendant without finding a requisite element.

3

We conclude that when viewed as a whole the instructions adequately informed the jury of the elements of the offense. At three points, the court instructed the jury that it must find that defendant had placed the clerk in fear of imminent serious bodily injury. That the court also twice referred simply to bodily injury is insufficient to undermine our confidence in the verdict. See State v. Forant, 168 Vt. 217, 220 (1998) (concluding that one reference to preponderance-of-the-evidence standard was not plain error where court three times references State's burden of proving beyond a reasonable doubt).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice